[No. 4164. Decided March 22, 1902.]

ALEXANDER S. DOW *et ux., Respondents,* v. CITY OF BALLARD, *Appellant.*

LIS PENDENS — FAILURE TO FILE — INNOCENT PURCHASER — LIABILITY FOR COSTS.

Where a city fails to file a *lis pendens* notice pending an action by it to foreclose a street assessment lien, a *bona fide* purchaser of the land subject to the lien, pending the action but before the rendition of judgment, is not liable for the costs accruing subsequent to the date of transfer.

INNOCENT PURCHASER — INJUNCTION AGAINST SALE OF LAND ON JUDGMENT AGAINST GRANTOR — EVIDENCE.

Under the rule that in a voluntary sale to an innocent purchaser everything passes that the grantor was apparently possessed of, evidence is inadmissible to show that a judgment was in fact rendered before the delivery of a deed to plaintiffs' grantor or the payment of any part of the consideration by him, where the deed purported to have been executed and delivered prior to judgment and plaintiffs were not shown to have had notice that it was not delivered at the time it purported to be.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Affirmed.

*John W. Peter* and *Preston & Embree,* for appellant.

*Fred H. Peterson,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—In February, 1901, the appellant city commenced suit against one Boxmeyer and wife to foreclose a street assessment lien against the property in controversy, which was admittedly then owned by the Boxmeyers. No *lis pendens* was then or afterwards filed. On April 23, 1901, prior to the rendering of the judgment in the foreclosure suit, the Boxmeyers deeded the land in

controversy to Charles C. Lee, and Lee afterwards deeded the same to the respondents, Alexander S. Dow and Jane Dow. The deed from the Boxmeyers to Lee was recorded June 6, 1901, and on June 24, 1901, the respondents purchased the said land from Lee. On June 5, 1901, Boxmeyer paid the assessment on said land, and received the following receipt:

"No. 1333.                    Ballard, Wash., June 5, 1901.
          City of Ballard.                    Total $53.83.
     Received from C. F. Boxmeyer, Fifty-three and 83-100 Dollars for Street Improvement Tax of Lot 5, Block 20, Gilman Park Addition, Post Street.
Ordinance No. 326.          (Signed) F. M. DeMoss,
                              Treasurer of the City of Ballard."

The $53.83 comprised the amount due on the tax, with the accrued penalty and interest. On the 13th of May, a judgment was entered by default against said Boxmeyer and wife, foreclosing said assessment. This, of course, was prior to the payment of the assessment and the reception of the receipt by Boxmeyer. After the assessment had been paid, the city of Ballard proceeded to enforce the whole of the said judgment, and advertised to sell the said lot, on July 13, 1901, for the full amount of said judgment, which included said street assessment, interest, penalty, costs, and attorney's fees in the sum of $25. This action was brought to enjoin the city and sheriff from selling said property; the complaint alleging the matters and things above stated, and, further, that the respondents, in purchasing the property, had no notice of the judgment in the foreclosure suit. A demurrer was interposed to the complaint on the ground that it did not state a cause of action, which demurrer was overruled; and upon trial, judgment was rendered in favor of respondents.

We think the complaint states a cause of action. If the lot was sold by Boxmeyer prior to the judgment, and no *lis pendens* was filed, and the purchaser was without knowledge of the judgment, he could only be held for the amount of the tax which was a lien against the property, exclusive of the costs which afterwards accrued. Upon the trial of the cause, appellant offered to prove that the deed from the Boxmeyers to Lee was not delivered, or any part of the consideration thereof paid, until after the entry of the foreclosure decree against the Boxmeyers, which testimony was objected to on the ground that it was not admissible unless the respondent Dow had knowledge and notice of the fact that the deed was not delivered at the time it was presumed to have been delivered; it being admitted that no showing could be made that Dow knew of this, or had any knowledge whatever that the deed was delivered at a date subsequent to the entry of said judgment. We think this testimony was properly overruled. There is a difference between a voluntary sale and a sale by operation of law, or under an execution issued on a judgment. In the latter case only the interest of the judgment debtor passes by the sale, but in the former, in the case of an innocent purchaser, everything passes by the sale that the grantor was apparently possessed of. In this case, the city not having protected itself by filing a *lis pendens,*—the constructive notice which the law provides,—and there being no constructive notice which could be imputed to the purchaser, he could not be bound by actual notice of his grantor of which he was ignorant.

The testimony fully sustains the findings of fact, and the judgment will be affirmed.

Reavis, C. J., and Mount, White, Hadley, Fullerton and Anders, JJ., concur.