[No. 9831. Department Two. October 23, 1911.]

MARY A. MURRY, *Respondent*, v. LUCY A. CARLTON,
*Appellant.*[1]

VENDOR AND PURCHASER—BONA FIDE PURCHASER—CONSTRUCTIVE
NOTICE—POSSESSION BY GRANTORS—ESTOPPEL. The retention of pos-
session by grantors, after giving a deed conveying full title, which
was recorded, is not constructive notice to an innocent subsequent
mortgagee of the grantors' right to retain possession under an agree-
ment with their grantee for support etc. which was not recorded;
since the grantors are estopped by their deed and negligence in
failure to record their agreement, and must bear the burden as the
one of two innocent parties who caused the loss.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered May 2, 1911, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to foreclose a mortgage.
Affirmed.

*Stevenson & Sorley,* for appellant.

*Stallcup & Keyes,* for respondent.

DUNBAR, C. J.—For many years prior to the commence-
ment of this action, the appellant, Lucy A. Carlton, was the
owner in her own right of the real estate involved in this
case. On the 14th day of October, 1908, Lucy A. Carlton
and her husband executed a deed of said real estate to one
Henry D. Carter. At the same date there was an agree-
ment executed between Mr. and Mrs. Carlton and Henry D.
Carter that, in consideration of the deed to Carter of the
premises involved in this case, Carter would take care of
and look after and support Mr. and Mrs. Carlton; the agree-
men providing that the deed should be executed at once,
and also providing that the Carltons should remain on the
premises as long as they both lived, but that after one of

[1]Reported in 118 Pac. 332.

them died, Carter would take the remaining party to his own house and take care of him or her there. On the 16th day of November, 1908, Carter and wife executed a mortgage to Mary A. Murry, the respondent herein, on the premises involved, to secure the payment of $750 then advanced. This mortgage was recorded the same day it was executed, and was in all respects regular. This action was brought by respondent, Murry, to foreclose the mortgage above mentioned. Carter and wife made no appearance and were declared in default.

Some time prior to the commencement of this action and subsequent to the giving of the mortgage to respondent, suit was brought against Carter and wife by the appellant to set aside the deed before mentioned on the ground of fraud. By stipulation, that suit was withdrawn, Carter agreeing to give a quitclaim deed for the premises to the appellant Lucy A. Carlton, which he did. The land in question was the separate estate of Mrs. Carlton; and when this foreclosure action was brought, Mrs. Carlton was made a party to the action, by reason of her alleged interest in the land growing out of the quitclaim deed. At the time of the giving of the deed and the making of the agreement aforesaid, Mr. Carlton was quite an old man. Mrs. Carlton was something past middle age. Mr. Carlton died before the commencement of this action. The deed from the Carltons to Carter was promptly recorded, but the agreement, which was the basis of the deed, was not recorded until after the execution of the mortgage to the respondent.

The defense of Mrs. Carlton to this action is that the deed was obtained by fraud, and that Carter never carried out the conditions of the agreement. The court found, that the mortgage was in all respects legal, based upon a good faith consideration; that the amount claimed was due; that there were no prior liens against the property mortgaged; that the title to the land at the time of the execution of the mortgage was in Carter, the mortgagor; that at the time of the

execution of the deed from the Carltons to Carter, they were capable of understanding business and business transactions; that they were fully capable of comprehending, and did comprehend fully, the purport and legal effect of the deed which they executed, and that no advantage was taken of them in connection with making the deed. As a conclusion of law, the court found that the plaintiff was entitled to a foreclosure of the mortgage in the sum demanded, and the usual decree was made.

After a lengthy investigation of the cause by the court, in which the mental condition of the Carltons was brought in question, a group of witnesses testifying that they were incompetent to transact ordinary business, and others testifying to the contrary, certain evidence was excluded by the court on the theory that the mortgage could not be invalidated by oral conversation, and other proof in regard to the condition of the Carltons and the failure of Carter to comply with the conditions of his contract was offered. The proof was also denied by the court, for the reason that the possession of the premises by Mrs. Carlton (it having been shown that she was in possession at the time the mortgage was executed) was not sufficient notice of her alleged interest in the land to defeat the record title so far as the mortgagee was concerned. The appellant in this case was not asking for any adjustment of rights between Mr. Carter and herself, but was simply asking that the mortgage be declared not to be a lien on the property. So that it will be seen that this is really the pivotal question in the case. If the possession of the land by the grantor was notice under the circumstances of her alleged title to the land, then the testimony ought to have been admitted. Otherwise it was properly excluded.

The appellant contends that it is the established law that the possession of land is notice to the world of every right that the possessor has therein, legal or equitable, and cites quite a number of cases to sustain this rule. We have ex-

amined these cases and find that many of them do sustain the general rule contended for. But in all of them it is where the party in possession is without fault and has done nothing to mislead the subsequent purchasers or incumbrancers, and it may be conceded that such is the general rule. But this is an equitable doctrine, and the circumstances of each case are always scanned by the court to determine what the equities are. It is one of the oldest maxims of the law that he who asks for equity must do equity. The same principle is announced in another maxim that he who comes into a court of equity must come in with clean hands, and there must be no circumstances for which he is responsible that would rightfully estop him from demanding his strict rights under his possession. It is also an ancient and respected principle of the law that, where one of two innocent parties must suffer, the one who was the cause of the misfortune must bear the burden, rather than the other; and all these principles enter into and modify the general rule announced.

These principles are especially applicable to the appellant in this case. As we have seen, another instrument, contemporaneous with the deed, provided that the Carltons should remain in possession of the land. The deed was recorded, giving notice of the transfer, but the agreement was not recorded until after the execution of the mortgage. Had the agreement been recorded, notice would have been given of the limitations of the deed. The recording of the agreement was the duty of the Carltons to protect their possessory interest. Not having done so, they cannot complain when an innocent party acts upon the record. And this is why an exception is made to the general rule, to the effect that the possession of a grantor will not defeat the record title where the rights of an innocent purchaser are involved. The rule is thus stated in 27 Cyc. p. 1202:

"As has been heretofore stated, constructive notice of a prior deed or mortgage may arise from the open and visible

possession of the premises by a third person. The fact that a grantor remains in possession of the land after conveying the same by a deed absolute on its face does not amount to constructive notice to purchasers of a judgment against the grantee that the grantor has the right to have such deed treated as a mortgage. Where a grantor who is in possession of land, after exchanging it for another tract and after a full recorded conveyance, takes a mortgage from his grantee subsequent to one given to another creditor of the grantee and first recorded, such creditor does not take with constructive notice of any right reserved in the land by the grantor."

This subject is treated at length in *Garbutt v. Mayo*, 13 L. R. A. (N. S.) 58, in notes by the editor on page 117, where it is said:

"Probably a majority of the cases have taken the position, with reference to matters of this class, that the possession of a vendor of land after conveyance is not inconsistent with the title which he has conveyed; and that therefore one of the elements of constructive notice is lacking. These cases hold that the general rule that possession of land is notice to a purchaser of the possessor's title does not apply to a vendor remaining in possession after giving a full record deed, so as to require a purchaser from his grantee to inquire whether he had reserved any interest in the land conveyed, since, so far as the purchaser is concerned, the vendor's deed is conclusive, he having declared thereby that he makes no reservation; and he is estopped from setting up any secret arrangement by which his grant is impaired;"

citing a great number of cases to sustain the rule. These cases proceed upon the theory that a grantor in such a case is deemed to hold the land without claim of right and merely as a tenant at sufferance of the grantee, the legal presumption being that he is in such possession with the permission of the grantee, and subordinate to and consistent with the grant. This court has uniformly sustained this view of the law, and has estopped parties from disputing record title when by their own negligence they have held the title out to the world by means of the public record as being a good title. In discussing this question, though the partic-

ular case was somewhat different, it was said by this court in *Dow v. Ballard*, 28 Wash. 87, 68 Pac. 176:

"In this case, the city not having protected itself by filing a *lis pendens*—the constructive notice which the law provides—and there being no constructive notice which could be imputed to the purchaser, he could not be bound by actual notice of his grantor of which he was ignorant."

The same doctrine was announced in *Bernard v. Benson*, 58 Wash. 191, 108 Pac. 439, 137 Am. St. 1051. After quoting from the case of *United States v. Detroit Lumber Co.*, 200 U. S. 321, 332, where it is said:

"No one is bound to assume that the party with whom he deals is a wrongdoer, and if he presents property, the title to which is apparently valid, and there are no circumstances disclosed which cast suspicion upon the title, he may rightfully deal with him, and, paying full value for the same, acquire the rights of a purchaser in good faith,"

this court said:

"What makes inquiry a duty is such a visible state of things as is inconsistent with a perfect right in him who proposes to sell. Benson was the owner of the record title, and there was no such possession as would impart notice or make it the duty of the purchaser to inquire."

In further discussing the case, the court said:

"The appellants cannot justly complain of this rule. By their own negligence they placed it in the power of Benson to sell the land, and now to permit them to set aside the sale would defraud innocent parties. As against them the record should be held to import absolute verity."

It is just as true in this case that, by their own negligence —their failing to record the agreement which was made contemporaneously with the deed—they failed to give notice to the searcher of the record that they had any interest in the land, and that as against them the record should be held to import absolute verity. To the same effect is *Daly v. Rizzutto*, 59 Wash. 62, 109 Pac. 276, 29 L. R. A. (N. S.) 467.

The decision of this question renders unnecessary the dis-

cussion of the question raised by the respondent, that no
proper exceptions have been taken to the findings of fact,
and the further question that the court erred in not sustain-
ing a demurrer to the answer.

The judgment of the court is affirmed.

CHADWICK, MORRIS, ELLIS, and CROW, JJ., concur.