McEWEN *v.* KEARY.

1. VENDOR AND PURCHASER — REGISTRATION OF DEED — NOTICE — POSSESSION.
    After executing to a contractor a deed of premises owned by complainants, who conveyed the property to enable him to procure funds for building, their possession eight days later was not notice that they held an unrecorded land contract of their contractor to reconvey the property.

2. SAME—POSSESSION—NOTICE.
    Unless the vendor has remained in possession of premises for a long time after conveying them, his possession is presumed to be subordinate to the conveyance and is not notice that he claims rights inconsistent with it.

3. MORTGAGES — FRAUD—NOTICE BY POSSESSION — REGISTRATION— VENDOR AND PURCHASER.
    Where defendant loaned money to a person with whom complainants had entered into a contract to construct an apartment on their property, and to whom they conveyed title to enable him to raise funds, defendant, who took a mortgage on the lot to secure the loan, was not charged with notice that they held an unrecorded contract for the reconveyance of the premises, from the fact that complainants remained in possession of a cottage which they moved to the rear of the lot and continued to live in eight days subsequent to the date of the deed; and where the contractor defaulted and abandoned the work of construction defendant should not be compelled to bear part of the loss for which he was in no way responsible.

Appeal from Wayne; Donovan, J.    Submitted January 29, 1913.    (Docket No. 32.)    Decided December 20, 1913.

Bill by John McEwen and Lillie C. McEwen against Andrew J. Keary and others to set aside a deed and for other relief. From a decree for complainants, defendant Keary appeals.    Reversed.

*Berry & McCredie,* for complainants.

*Harvey S. Durand,* for defendant Keary.

BIRD, J.  The complainants being the owners in fee of a lot on Hubbard avenue in the city of Detroit, and being desirous of erecting a four-family flat thereon, they moved the cottage in which they lived to the rear of the lot, and continued to live in it, and made a contract with defendant Durflinger to construct the flat for the consideration of $8,980.  In order to secure him and enable him to raise funds with which to carry on the building operations, they conveyed the premises to him by warranty deed on the 21st day of February, 1911, subject to a mortgage to the Michigan Savings Bank of $490.10, and took back from him a land contract on which was indorsed as paid the sum of $2,020.  The deed was placed of record, but the contract was not.  A building contract was also made by them in which it was stipulated that defendant Durflinger might secure a loan on the property for an amount not to exceed $8,500.  This done, defendant Durflinger then applied to and obtained from defendant Keary a loan of $1,150; the same to be secured by lien on the premises.  Instead of taking a mortgage in form, he took a warranty deed from Durflinger and wife on the 2d day of March, 1911, and gave them a contract to repurchase upon payment of the loan.  Defendant Keary paid the Michigan Savings Bank mortgage, and the balance of the loan was paid to defendant Durflinger.  As soon as defendant Durflinger received the deed, he commenced building operations, and they continued until the cellar was excavated and the footings were put in to receive the walls.  During this time certain building materials were delivered.  At this point in the work, it stopped abruptly, due to the failure of Durflinger to make payment to his laborers and materialmen.  After this, no further work was done in furtherance

of the contract. Complainants then filed this bill to set aside both deeds and tendered back their contract, alleging that the same was in fraud of their rights. The hearing resulted in a decree setting aside the deeds and contracts and awarding to defendant Keary a mortgage lien on the premises for the amount only which he had paid on the Michigan Savings Bank mortgage. From this decree, defendant Keary has appealed.

The complainants rely on two propositions to sustain the decree made in their behalf: *First,* that the defendant Durflinger fraudulently secured the warranty deed from them by misrepresentation and fraud. *Second,* that the defendant Keary had notice of the possession and occupation of the premises before he made the loan, and therefore it was his duty to ascertain what the rights of the occupants were in the premises.

1. The proofs were sufficient to justify the court in granting complainants' relief against the defendant Durflinger; but there is no proof, and indeed there is no claim, that defendant Keary was a party to the fraud or had any knowledge of it.

2. Defendant Keary, when applied to for the loan, went to the premises on March 1st, and there found defendant Durflinger. At that time, the cellar was being excavated and building materials were being delivered thereon. Keary saw the cottage in the rear and made inquiry who was living in it; Durflinger informed him that it was a tenant of his. Following this, Keary received the abstract of title, and, after his attorney had reported the record title in Durflinger subject to the Michigan Savings Bank mortgage, he paid the mortgage, and the balance of the loan was turned over to Durflinger. What Keary learned when he viewed the premises would, under the general rule, charge him with notice that the occupant had some rights therein, unless there is some

exception to the general rule of constructive notice. The exception which defendant Keary relies upon is stated as follows:

"In some jurisdictions where a vendor remains in possession after conveyance, such possession, unless long continued, is presumed to be subordinate to the title conveyed, and is not notice that the grantor claims any rights inconsistent with the conveyance he has made." 39 Cyc. p. 1753.

This jurisdiction appears to be one that has approved this exception. *Bloomer* v. *Henderson,* 8 Mich. 395 (77 Am. Dec. 453) ; *Bennett* v. *Robinson,* 27 Mich. 26; *Abbott* v. *Gregory,* 39 Mich. 68. In *Bloomer* v. *Henderson, supra,* where the application of the rule and its exception were considered, Mr. Justice CHRISTIANCY made the following observations:

"But the object of the law in holding such possession constructive notice, where it has been so held, is to protect the possessor from the acts of others who do not derive their title from him; not to protect him against his own acts, and especially against his own deed. If a party executes and delivers to another a solemn deed of conveyance of the land itself, and suffers that deed to go upon record, he says to all the world, 'Whatever right I have, or may have claimed to have in this land, I have conveyed to my grantee; and though I am yet in possession, it is for a temporary purpose, without claim of right, and merely as a tenant at sufferance to my grantee.'

"This is the natural inference to be drawn from the recorded deed; and in the minds of all men, would be calculated to dispense with the necessity of further inquiry upon the point. All presumption of right or claim of right is rebutted by his own act and deed. One of the main objects of the registry law would be defeated by any other rule."

Inasmuch as complainants had been in possession only eight days after their conveyance when defendant Keary made an inspection of the premises, we think it should be held that the exception to the gen-

eral rule applies, and that the possession of complainants was no notice to Keary that they had any rights therein. But independent of this question, we are of the opinion that complainants are in no position to ask defendant Keary to bear the loss which resulted from their dealings with an irresponsible and dishonest contractor. Undoubtedly, complainants were defrauded by the contractor, but Keary had no hand in it. He was not responsible because they employed a dishonest contractor. Neither was he responsible for their neglect and failure to have their land contract recorded; he simply loaned his money to the contractor after taking the precautions which usually precede the making of loans by prudent men, and he did this only after complainants had authorized the contractor to make loans on the premises up to the amount of $8,500. If there is any equitable principle which would require Keary, under these circumstances, to bear the loss, it has not been suggested to this court.

The decree of the trial court will be reversed. Defendant Keary under his cross-bill will be given a first lien on the premises for $1,150, with accrued interest. Defendant Keary will recover his costs in this court from the complainants.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.