## HUDGINS v. SCHULTICE.

### Opinion delivered April 5, 1915.

1. LOCAL IMPROVEMENT—LIEN FOR ASSESSMENTS.—Assessments for a local improvement are a charge and lien entitled to preference against the real property in the district, from the date of the ordinance levying the assessment, which shall continue until the assessment shall be paid. (Kirby's Digest, § 5684).

2. LOCAL IMPROVEMENT—NONPAYMENT OF ASSESSMENT—FORECLOSURE.— A complaint in equity is required to be filed by the board of improvement in the court having jurisdiction of suits for the enforcement of liens upon real property for the condemnation and sale of delinquent property for the non-payment of the assessment, and the owner of the property assessed shall be made a defendant if known, and if unknown that fact shall be stated in the complaint, and the suit shall proceed as a proceeding in rem against the party assessed.

3. LOCAL IMPROVEMENT—ASSESSMENTS—COLLECTION.—In a proceeding to collect an assessment for local improvement, a summons must

be issued to be served and returned as summons in other suits for the enforcement of liens if the defendant can be found, and if the decree is in favor of the board, judgment is rendered for the condemnation and sale of the land and the owner is given a year after the sale to redeem it from the purchaser thereat.

4. BONA FIDE PURCHASER OF LAND—LIS PENDENS.—The grantees and mortgagees of the owner of certain land, such conveyances being made after the commencement of a suit to foreclose a lien for assessments, no *lis pendens* notice having been filed with the recorder of deeds as required by law, and having no actual notice of the pendency of such suit, the said grantees and mortgagees were bona fide purchasers and not affected thereby.

5. LOCAL ASSESSMENTS—RIGHTS AND LIABILITIES OF VENDEES.—The vendee of real property embraced in a local improvement district, takes only subject to the lien for assessments levied in favor of the district, but is unaffected by a proceeding to foreclose said lien, of which he has no actual knowledge, there being no *lis pendens* notice filed with the recorder of deeds.

6. LOCAL IMPROVEMENT—ASSESSMENTS—FORECLOSURE OF LIEN—REDEMPTION.—The owner of property, upon which the lien for assessments has been foreclosed, can not, after the expiration of the statutory period, redeem, when he had full knowledge of the suit to foreclose, after being properly summoned.

Appeal from Garland Chancery Court; *Jethro P. Henderson*, Chancellor; affirmed.

STATEMENT BY THE COURT.

This suit was brought by appellees against appellant to redeem certain lots in the city of Hot Springs from the appellant, the purchaser, at the sale foreclosing a lien for improvement district taxes due thereon.

Lottie Schultice had formerly been collector of Improvement District No. 24, in which the lots are situated, and was on October 16, 1911, at the time of the bringing of the suit to foreclose the lien and collect the taxes the sole owner of the lots. On March 13, 1912, she executed a mortgage to Peter Valle, which still remains unsatisfied, and sold part of lot 14 to appellee, J. N. Searcy, on October 6, 1912, and on the same day executed a mortgage to Burgauer.

Suit to foreclose the lien was commenced October 16, 1911, and the summons issued and the return thereon

showed it was duly served by the sheriff on Lottie Schultice and the decree of foreclosure recites:

"That due service of process by summons against each of said defendants, and all of them, for the time and in the manner prescribed by law has been had in this cause, by service of said summons upon the defendants, * * * and that defendant Lottie Schultice, is the owner of lots 14 and 15."

The sale was made under the decree on January 25, 1913, at which J. W. Hudgins became the purchaser of said lots, and on February 2, 1914, a commissioners' deed conveying same to him was executed and approved.

No summons was served upon or notice given to Lottie Schultice's said grantees or mortgagees, nor was any *lis pendens* notice filed. The chancellor found that the sale was good as to Lottie Schultice, the owner of the property at the time the suit to foreclose the lien was commenced, and that she was not entitled to redeem after the year allowed had expired, but that her grantees and mortgagees were *bona fide* purchasers, had no notice of the proceedings, and were entitled to redeem from the purchaser at the foreclosure sale and decreed accordingly and from this decree this appeal is prosecuted.

*Davies & Ledgerwood* and *B. H. Randolph,* for appellant.

1. Lottie Schultice's grantees and mortgagees were not *bona fide* purchasers, without notice, and were not protected by the *lis pendens* law, and were not entitled to redeem. 69 Ark. 68; 15 *Id.* 331; 21 *Id.* 163; 23 *Id.* 432; 27 *Id.* 228; 42 *Id.* 343; 42 *Id.* 342; 98 Ark. 155; 38 *Id.* 78; 47 *Id.* 413; 77 *Id.* 216; 90 *Id.* 166.

2. The proceeding was *in rem,* and all parties must take notice and defend. The owner was duly summoned. 62 Ark. 407; 28 Cyc. 1116; Black on Tax Titles, § 237; Black on Judg., § 448; 77 Ark. 324; 98 *Id.* 151; 84 *Id.* 61; 21 Am. Rep. 112; 36 L. R. A. 121; 29 Cyc. 1116, 1113, etc.; 63 Ark. 517; 70 *Id.* 61.

3. After the year allowed it was too late to redeem. 77 Ark. 324; 79 *Id.* 364; 99 *Id.* 324; 98 *Id.* 589; *Ib.* 543; 49 U. S. (L. Ed.) 233; 72 N. E. 1069.

4. A sale for taxes is not subject to the rule of *lis pendens.* Black on Tax Titles, § 237; Wade on Notice, § 1048; 25 Cyc. 1483; 67 Ark. 371; 30 *Id.* 44; 97 *Id.* 480. See 109 Ark. 99; 106 *Id.* 154; 51 L. R. A. (N. S.) 137, 1143, etc.

*Rector & Sawyer* and *Martin, Wootton & Martin,* for appellees.

1. No *lis pendens* notice was filed, and appellees were not bound, and still have the right to redeem. Kirby's Digest, § § 5149-5694; 87 Ark. 608; 11 Vesey, 194-201; Pom. Eq. Jur. (3 ed.), § § 632-640; Kirby's Dig., § 5691; 131 S. W. 200; Wiltsie Mortg. Foreclo., § 61; 48 Neb. 646; 67 N. W. 741; 101 U. S. 837.

2. The *lis pendens* statute applies to suits to enforce a lien for local assessments. 79 Pac. 278; 68 *Id.* 176.

3. Having no notice of the suit, appellees are not bound. 50 Ark. 458; 101 *Id.* 142.

*C. Floyd Huff,* for Schultice.

Adopts the brief, insofar as applicable, of counsel for appellees, and contends that no summons was served on Schultice, and that the law was not complied with. Kirby's Dig., § § 5700-5737; 86 Ark. 255; 87 *Id.* 607.

KIRBY, J., (after stating the facts). The sole question for decision is whether the purchaser at the sale for the foreclosure of the lien for the improvement taxes after the year allowed for redemption had expired, can hold the property against grantees and mortgagees, *bona fide* purchasers to whom conveyances were made by defendant after the suit for foreclosure was commenced, and no *lis pendens* notice filed as required by section 5149, Kirby's Digest. Appellant insists that notwithstanding no *lis pendens* notice was filed, and said purchasers and mortgagees had no actual notice of the pendency of the suit to foreclose the lien and collect the taxes, that they are not *bona fide* purchasers, and are concluded by the judgment against their grantor, Lottie Schultice.

His contention is that the transaction is governed by the law relating to the sale of lands for the collection of taxes, and not under the law governing judicial sales.

If an individual had been proceeding against Lottie Schultice, the grantor, of the other appellees after suit commenced to enforce a lien against the lands and had filed no *lis pendens* notice, and she had conveyed the lands after suit begun to a *bona fide* purchaser without actual notice of such suit, there is no question but that the purchaser's rights would not have been concluded by the suit.

(1) The law provides that assessments for a local improvement shall be a charge and lien entitled to preference, against the real property in the district, from the date of the ordinance levying the assessment, which shall continue until the assessment shall be paid (section 5684), and prescribes the procedure for the foreclosure of the lien and collection of the assessments which have not been paid.

(2) A complaint in equity is required filed by the board of improvement in the court having jurisdiction of suits for the enforcement of liens upon real property for the condemnation and sale of delinquent property for the payment of the assessments and the owner of the property assessed shall be made a defendant if known, and if unknown, the fact shall be stated in the complaint and the suit shall proceed as a proceeding *in rem* against the party assessed.

(3) A summons is issued to be served and returned as summons in other suits for the enforcement of liens if the defendant can be found and judgment is rendered, if the decree is in favor of the board, for the condemnation and sale of the land, and the owner is given a year after the sale to redeem it from the purchaser thereat. Kirby's Digest, § § 5691-5709.

We also see no reason why the foreclosure of this lien under the prescribed procedure does not have the same effect and is not controlled by the same rules of law as govern decrees of foreclosure of liens upon real estate in chancery courts in other proceedings, Lottie Schultice

having been served with a summons, and it not being a proceeding *in rem*. Before the enactment of the statute requiring the filing of *lis pendens* notices in the record- er's office, all who purchased lands from a defendant against whom a suit for foreclosure of a lien thereon had been filed, were concluded, and bound by the decree ren- dered against the person from whom they acquired the title. The purchaser was held to have had constructive notice of the action by the commencement of the suit.

It was evidently the purpose of the statute to abro- gate the *lis pendens* rule, since it requires the filing with the recorder of deeds in the county in which the property is situated, a notice of the pendency of any suit at law or in equity affecting the title or any lien on real estate, to render the filing of such suit constructive notice to a *bona fide* purchaser or mortgagee of any such real estate. Sec- tion 5149, Kirby's Digest.

Before its passage all such purchasers of real estate were affected by constructive notice of suits commenced affecting the title or a lien thereon and concluded by the decree against the vendor and necessarily bound to in- vestigate the records of all courts in which suits could be brought that would affect such title, in order to ascertain the condition of the title to any real property purchased. Now, the would-be purchaser or mortgagee goes to the recorder's office where all the instruments of title thereto are necessarily found, and if no notice of a suit pending is on file with the recorder, he is not affected with con- structive notice of any such suit, and is only bound by actual notice thereof.

The Supreme Court of Kentucky construing a like statute of that State held it applicable to all suits to en- force liens against real estate. *Perkins* v. *Ogilvie*, 131 S. W. (Ky.) 200.

In Washington and California, the courts have con- strued statutes requiring the filing of notice of pendency of suits affecting the title to or liens upon real estate, and held them applicable to suits to enforce a lien for local

assessments. *Page* v. *Chase Co.,* 79 Pac. (Cal.) 278; *Dow* v. *City of Ballard,* 28 Wash. 87, 68 Pac. 176.

(4-5) We hold therefore that the grantees and mortgagees of Lottie Schultice in her conveyances after the suit to foreclose the lien for assessments were begun, were not affected by constructive notice thereof, no *lis pendens* notice having been filed with the recorder of deeds as required by law, and that having no actual notice of the pendency of such suit, they were *bona fide* purchasers for value, and not affected thereby. It is true, that the lien for the assessments in local improvement districts is fixed from the date of the ordinance levying the assessment and superior and preferred and continues until the assessments are paid, but it is also true, that as between grantors and grantees of such property, all assessments unpaid at the date of the transfer are to be paid by the grantee, and while these purchasers had notice by reason of the organization of the improvement district that a lien for the assessments existed against the property, the title to it was only affected to the extent of such lien, and in the purchase without notice of the pending suit to foreclose it, they are not concluded by such foreclosure and their rights are affected only to the extent of the lien for unpaid assessments.

(6) The record in the foreclosure proceedings recites that Lottie Schultice, the owner of the lots, was duly served with summons and in addition the testimony clearly shows that she had knowledge of the pending suit and tried to make arrangements to borrow money and pay the assessments and put an end to it, but failed to do so. She can not be heard to question the judgment further, and is concluded by the decree of foreclosure and sale thereunder, and is without right of redemption, the time allowed by law for redemption having expired.

The case is poorly abstracted, but taking the chancellor's findings as recited by appellant to be supported by sufficient testimony, as we must, we do not find any prejudicial error in the record, and the decree is affirmed.