WALTER S. REASONER v. FRED FISIKELLI, *et al.*

153 So. 98.
Division A.
Opinion Filed March 1, 1934.

*Wiseheart & Wiseheart* and *Stapp, Gourley, Vining & Ward,* for Appellant;

*Paul H. Marks,* for Appellee.

DAVIS, C. J.—Upon appeal from a final decree of foreclosure the question presented for our decision is, whether or not appellee, Phyllis V. Plummer, was entitled to have her interest in the mortgaged property decreed to be superior to the lien of the mortgage of appellant which had been taken on the property, as its ownership appeared of record in the name of one Fisikelli, a record vendee thereof from Phyllis V. Plummer. The chancellor held that the

mortgagee's lien could be only foreclosed as a lien inferior in dignity to the claim of Mrs. Plummer, whose adverse interest was predicated on an unrecorded agreement referred to in the pleadings as creating a "life interest" in her behalf under Fisikelli, the record vendee.

The record shows that one Fisikelli became the record owner of the land in question by virtue of a warranty deed from Mrs. Plummer. As an incident to the transaction whereby Mrs. Plummer's deed was executed and delivered to Fisikelli, and recorded by him, Mrs. Plummer entered into a written agreement under seal, duly acknowledged, whereby Fisikelli granted back to Mrs. Plummer what the latter contends was a life estate in the property. The so-called life estate agreement was not recorded until long after a mortgage on the land had been negotiated, executed and delivered by Fred Fisikelli to appellant's assignor, who took a mortgage on the property in reliance upon the ownership of the subject matter as it appeared of record in Fisikelli's name, although at the time said mortgage was taken, it is contended that Mrs. Plummer was holding possession of the mortgaged property under her life estate agreement, by and through a Mrs. Allen L. Lewis as her tenant.

Assuming that Mrs. Plummer's unrecorded written agreement taken back from her own vendee, Fred Fisikelli, is legally sufficient in form and substance to amount to a life interest in the land itself, as distinguished from a mere personal contract between these parties which would not run with the land, it is obvious that by failing to record said agreement as she should have done in fairness to those whom she was bound to know might deal with the land as that of Fred Fisikelli alone, Mrs. Plummer, by her negligence, allowed the public record to be held out by Fisikelli, her own vendee, as showing in him a good title free of any

such secret interest as she now seeks to have impressed upon the granted land to the prejudice of the mortgagee and his assignee, who dealt with the ownership as it appeared of record.

Our conclusion is that a party is estopped from disputing record title when, by his own negligence, he has held the title out to the world by means of the public record as being a good title. Failure to record a written agreement made contemporaneously with a deed which is recorded, constitutes negligence which places it within the power of the grantee in the deed to sell the land or otherwise deal with it to the prejudice of a searcher of the records who is entitled, in the absence of express actual notice to the contrary, to regard the grantor's deed as importing absolute verity of the state of the title as between the grantor and the grantee. The fact that the grantor retains possession of the granted premises through a tenant gives rise to no more superior equity than if the grantor himself had remained in possession with the acquiescence and consent of, and under his grantee's permission. The object of the law in holding possession implied actual notice of an adverse right, is to protect the possessor from the acts of others who do not derive their title from him. It is never to protect the possessor against his own acts, whether personally or through a tenant, and especially against his own deed in favor of a secret instrument executed as a part of the same transaction in which the deed was given. Behrens v. Crawford, 32 Ky. L. 1281, 108 S. W. Rep. 288; Wicklein v. Kidd, 149 Md. 412, 131 Atl. Rep. 780; McEwen v. Keary, 178 Mich. 6, 144 N. W. Rep. 524; 27 R. C. L. 728.

A solemn deed is the equivalent of an assertion by the party grantor that the title is in the grantee; its purpose is to convey and show title, and he who thereby invests an-

other, with this universally recognized evidence of right ought not, as against one who deals with the grantee upon the faith of such evidence, be permitted to set up any adverse rights resting wholly in some contemporaneously executed secret instrument of writing given back by the grantee to his own grantor, and negligently left off the public records while the deed itself is recorded in such public records. The case of Sapp v. Warner, 105 Fla. 245, 141 Sou. Rep. 124, 143 Sou. Rep. 648, 144 Sou. Rep. 481, is not analogous since implied notice by possession is rebutted by the strong presumption which attaches in favor of the recorded deed as against the existence of any secret reservations or conveyances to the grantor accruing simultaneously with the deed's execution.

Another principle which we hold applicable in this case is that in equity where one of two innocent parties, must suffer, the one whose negligence was the cause of the other's misfortune, must bear the burden rather than the other. Murry v. Carlton, 65 Wash. 364, 118 Pac. Rep. 332, 44 L. R. A. (N. S.) 314; American Process Co. v. Florida White Press Brick Co., 56 Fla. 116 (text 121), 47 Sou. Rep. 942, 16 Ann. Cas. 1054; Commercial Credit Co., Inc., v. Parker, 101 Fla. 928 (Headnote 8), 132 Sou. Rep. 640; Skivesen v. Brown, 101 Fla. 1385, 123 Sou. Rep. 564; Glass v. Continental Guaranty Corp., 81 Fla. 687, 88 Sou. Rep. 876 (Headnote 6), 25 A. L. R. 312; T. G. Bush Grocery Co. v. Conely, 61 Fla. 131, 55 Sou. Rep. 867 (Headnote 3). Where one of two innocent persons must suffer a loss, it should fall upon him who by reasonable diligence or care could have protected himself. National Savings Bank v. Creswell, 100 U. S. 630, 25 L. Ed. 713.

So without approving without reservation all that may have been said in the several authorities we have heretofore cited, as to the legal effect of possession as notice, we hold

that under the circumstances shown in this case the report of the special master should have been confirmed and a final decree entered in conformity therewith.

Reversed and remanded.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.