111 So.2d 455 (1959)
Anna ROBERTS, as Executrix of the Estate of Cora Roberts, deceased, Appellant,
v.
Lloyd BASS et al., Appellees.
No. B-55.
District Court of Appeal of Florida. First District.
April 28, 1959.
Rehearing Denied May 18, 1959.
Knight, Kincaid, Young & Harris, Jacksonville, for appellant.
Wm. H. Jeter, Jacksonville, for appellees.
STURGIS, Chief Judge.
We consider a question of priority between the estate of Cora Roberts, deceased, who was the equitable owner and occupant of real property at a time when the record title holder to whom she had conveyed, one Lloyd Bass, mortgaged it to appellee E.L. Phillips, Jr. It is admitted that the mortgagee had no knowledge of a collateral agreement existing between Cora Roberts and her grantee, Lloyd Bass, at the time the deed passed or at any critical time thereafter, which agreement was later reduced to writing but was never recorded, limiting said grantee's rights under the deed. It is also admitted that the mortgagee made no examination of the premises to ascertain the rights of the occupants but in granting the mortgage loan relied on the title as shown by the public records which *456 reflected Cora Roberts' unconditional conveyance to Bass, the mortgagor.
In Reasoner v. Fisikelli, 114 Fla. 102, 153 So. 98, it was held that in the absence of actual notice to a bona fide purchaser for value, the grantor in possession is estopped from disputing the record title in his grantee because, by his own negligence, he has caused the title so reflected by the public record to be held out to the world as being good and sufficient in his grantee. That case also held that failure to record a written instrument expressing a collateral agreement made contemporaneously with a deed that is recorded constitutes negligence per se, placing it within the power of the grantee to sell or otherwise deal with the land to the prejudice of a searcher of the public records, so that in the absence of actual notice to the contrary one who relies on the public record is entitled to regard the grantor's deed as correctly defining the state of his grantee's title. It was also held that the fact that the grantor retains possession of the premises gives rise to no more superior equity than if he had remained in possession with the acquiescence or permission of his grantee. It distinguished that holding from the rule of law which holds that possession implies actual notice of an adverse right, by pointing out that the latter is designed to protect the possessor from the acts of those who do not derive their title from him but not to protect him against his own acts, such as where he claims under a secret instrument against his own deed that was executed as part of the same transaction. Finally, the Fisikelli case holds that where one or two innocent parties must suffer, the one whose negligence was the cause of the other's misfortune must bear the burden.
Each of the elements of the cited case was present in the case on appeal and in reliance thereon the Chancellor granted the appellee-mortgagee's motion to dismiss. His action was correct.
Appellant insists that the facts in this case warrant an exception to the rule announced in the Fisikelli case in that the length of time during which Cora Roberts remained in possession  some four and a half years after her deed to Bass  renders the rule inoperative. A review of the cases cited and relied on by the Supreme Court in the Fisikelli case indicates that no such exception is recognized, and we can see no logical reason why it should be.
Affirmed.
CARROLL, DONALD and WIGGINTON, JJ., concur.