OTT, Chief Judge.
Appellee, Melva Maricone, placed considerable trust in appellee, R. Lee Van Kirk, and from time to time invested money in his business. In March, 1978, she deeded certain real property (her home) to Van Kirk to arrange loans for her further investment in Van Kirk’s business. Van Kirk obtained separate mortgage loans on the property from appellant, American Metropolitan Mortgage, Inc., d/b/a Mid-Florida Finance Company (Metropolitan Mortgage), and cross-appellant, Central Plaza Bank and Trust Company (Central Plaza). He used the proceeds of the loans for his own purposes. Subsequently when appellee discovered Van Kirk’s violation of her trust, she filed a vendor’s lien and this action. The trial court not only voided her deed to Van Kirk, it also voided both mortgages and denied Metropolitan Mortgage’s application to foreclose its mortgage. We reverse these latter parts of the final judgment.
The trial court voided the two mortgages on a finding that each mortgagee had notice of appellee’s interest since she continued to reside on the property when the mortgages were given. The court overlooked the decisions in Reasoner v. Fisikelli, 114 Fla. 102, 153 So. 98 (1934), and Robert v. Bass, 111 So.2d 455 (Fla. 1st DCA 1959), which hold that an equitable owner who creates record title in another while retaining possession is estopped from disputing record title in the absence of express actual notice to the contrary.
An officer of Central Plaza drove by the property to view its condition and location. The officer saw that it was occupied but made no inquiry of the occupants. Melva Maricone contends that Central Plaza, having undertaken inspection, was on notice of all facts which an inquiry would have revealed. Since appellee created title in the mortgagor, as between the mortgagees and her, she must bear the loss. “The object of the law in holding possession implied actual notice of an adverse right is to protect the possessor from the acts of others who do not derive their title from him. It is never to protect the possessor against his own acts . . . . ” Reasoner v. Fisikelli, 153 So. at 99.
Metropolitan Mortgage assigned its mortgage to American Metropolitan Bank & Trust Company (Metropolitan Bank) and then reacquired it after appellee had recorded a notice of vendor’s lien and Metropolitan Mortgage had brought an action to foreclose the mortgage. Appellee contends that Metropolitan is barred because it had actual knowledge of her claim when it reacquired the mortgage. This contention overlooks the facts that the mortgage was assigned as collateral security for a loan and was reassigned to facilitate foreclosure. Furthermore, Metropolitan Mortgage had *398 no actual knowledge of appellee’s claim when it accepted the mortgage or when it transferred the mortgage to Metropolitan Bank. Consequently, Metropolitan Bank acquired the mortgage free and clear of appellee’s claim and, by virtue of the reassignment, Metropolitan Mortgage stands in the shoes of Metropolitan Bank. 37 Fla. Jur.2d Mortgages, § 521 (1982); 55 Am. Jur.2d Mortgages, § 1273 (1971).
Those parts of the judgment which void these mortgages and deny Metropolitan Mortgage foreclosure are REVERSED. We also VACATE that portion of the judgment assessing costs for reconsideration by the trial court in the light of this opinion.
SCHEB and SCHOONOVER, JJ., concur.