WHATLEY, Judge.
Countrywide Home Loans, Inc. challenges the final judgment declaring its mortgage on property once owned by Dolores Sotern to be invalid. We reverse.
In November 2005, Mrs. Sotern’s husband was diagnosed with terminal brain cancer. He died two months later. Dur *619 ing those two months, the Soterns’ longtime friend Charles Landwer visited them in their Florida home four or five times. The Soterns first met Landwer when he prepared their tax returns for free at a senior center in the Illinois town where they owned a home at the time. Landwer prepared their returns for several years thereafter, and he did the closing on their Illinois and Florida homes. He held himself out to the Soterns to be an attorney and a certified public accountant. To Mrs. Sotern’s great detriment, it turned out he was neither.
During Landwer’s visits with the So-terns prior to Mr. Sotern’s death, Landwer advised them that their joint assets were in jeopardy because of Mr. Sotern’s credit card bills. The Soterns were not aware that this advice was wrong, particularly with regard to the Florida home, which was subject to homestead protections. But with the intent to protect the Florida home from Mr. Sotern’s creditors, the So-terns agreed to execute a warranty deed transferring title to the home. Mrs. So-tern’s testimony at trial was conflicting regarding whether Landwer advised them to put the home in her name or in Land-wer’s name. The warranty deed they signed conveyed the home to Landwer, who then recorded the deed.
Shortly after Mr. Sotern’s death, Mrs. Sotern became concerned that her home was not in her name. She contacted Landwer about this concern, and he sent her an unsigned deed to the property dated February 14, 2006, as a showing of good faith. Later that month, Landwer obtained a $150,000 loan secured by a first mortgage on the home.[1] One of the documents Landwer executed to procure the loan was an affidavit in which he swore that there were no parties who had an interest in the property other than him. Several months later, Mrs. Sotern, still trusting the man she thought was her friend and attorney, invested $75,000 in Landwer’s business. It was not until October 2006 that she learned that Landwer had mortgaged what she considered her home. Landwer executed a warranty deed conveying the property back to Mrs. Sotern, but she declined to record it. Landwer stopped making payments on the mortgage, and it went into default.
Mrs. Sotern filed this action to void Countrywide’s mortgage, and Countrywide counterclaimed, seeking to foreclose. After a bench trial, the trial court found that the Soterns had been induced by Land-wer’s fraudulent actions and undue influence to convey their home to him. It further found that Countrywide’s mortgage was invalid because Countrywide had constructive notice of Mrs. Sotern’s interest in the property by virtue of her possession of it. The trial court’s ruling was incorrect because actual notice is required under these circumstances. See Reasoner v. Fisikelli, 114 Fla. 102, 153 So. 98 (1934); Am. Metro. Mortg., Inc. v. Maricone, 423 So.2d 396 (Fla. 2d DCA 1982); Roberts v. Bass, 111 So.2d 455 (Fla. 1st DCA 1959).
Maricone is directly on point. Maricone deeded her home to Van Kirk, in whom she placed considerable trust, in order to arrange loans to invest in Van Kirk’s business. Van Kirk mortgaged the property and used the proceeds for his own purposes. The trial court voided the mortgages upon a finding that the mortgagees had notice of Maricone’s interest in the property because she continued to reside in the home. This court reversed, holding as follows:
The [trial] court overlooked the decisions in Reasoner v. Fisikelli, 114 Fla. *620 102, 153 So. 98 (1934), and Roberta[s] v. Bass, 111 So.2d 455 (Fla. 1st DCA 1959), which hold that an equitable owner who creates record title in another while retaining possession is estopped from disputing record title in the absence of express actual notice to the contrary.
An officer of Central Plaza drove by the property to view its condition and location. The officer saw that it was occupied but made no inquiry of the occupants. Melva Maricone contends that Central Plaza, having undertaken inspection, was on notice of all facts which an inquiry would have revealed. Since appellee created title in the mortgagor, as between the mortgagees and her, she must'bear the loss. “The object of the law in holding possession implied actual notice of an adverse right is to protect the possessor from the acts of others who do not derive their title from him. It is never to protect the possessor against his own acts....” Reasoner v. Fisikelli, 153 So. at 99.
423 So.2d at 397.
Accordingly, we reverse and remand with directions consistent with this opinion.
CASANUEVA, C.J., and KHOUZAM, J., Concur.

. The loan was originated by Bancgroup Mortgage Corporation, but it was assigned to Countrywide at closing. The Soterns had bought the home with cash.