O. S. VAN HUSS, et al., v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

165 So. 896.

Opinion Filed February 21, 1936.

*C. V. McClurg,* for Appellants;

*Mack & Julian,* for Appellee.

DAVIS, J.—This is an appeal from a final decree of fore-closure of a mortgage rendered in favor of the Prudential Insurance Company of America, by which decree it was held by the chancellor that the mortgage sought to be fore-closed was duly signed, witnessed, acknowledged and de-livered in all respects as required by law by the defendants, O. S. Van Huss, Sarah M. Duggan and husband, J. R. Duggan, and was therefore of full binding force and effect in its entirety as to said defendants, and each of them, but was without force and effect insofar as the mortgage in question had been executed by C. V. McClurg, as guardian for an insane defendant, V. V. Van Huss, under purported authority of the Probate Court of Polk County; that the execution and acknowledgment of the mortgage by the de-fendant, V. V. Van Huss, in person, subsequent to his ad-judication as a monomaniac was of no legal force as to said defendant; but that the mortgage in this suit foreclosed was, however, enforceable as against the insane defendant, V. V. Van Huss, to the extent of $10,000.00, because of the obligation therefor having been originated in his behalf by virtue of an authority therefor given while said V. V. Van Huss was still sane; and decreed that Prudential Insurance Company of America was entitled to have enforced a mort-gage lien against the premises described as subject to fore-closure for the amounts of $30,450.00 principal, $4,567.00; interest to August 1, 1935; the sum of $1,317.19 for delin-quent taxes; $23.40 for abstract fees; and $3,550.00 attor-ney's fees for complainant's solicitors.

There was no error in allowing the mortgage to be fore-closed for the whole amount of the mortgage debt, part of

which was not matured except by virtue of an acceleration clause which defendant contends was not properly exercised.

The institution of the present suit to foreclose for the entire debt was, under the peculiar language of the acceleration clause involved in this case, in effect the exercise by complainant of the mortgagee's reserved option to declare the whole of the principal sum and interest secured by the mortgage due and payable. Gus' Bath, Inc., v. Lightbown, 101 Fla. 1211, 135 Sou. Rep. 300; Douglas Properties v. Stix, 118 Fla. 354, 159 Sou. Rep. 1; Corlett v. Wood, 81 Fla. 510, 88 Sou. Rep. 268. Compare: Treb Trading Co. v. Green, 102 Fla. 238, 135 Sou. Rep. 510, wherein a different situation was dealt with.

The chancellor should have expressly disposed of the pending motion to dismiss the bill of complaint before, or in connection with, his entry of a final decree on the merits. But his failure to do so was, at most, harmless error in this particular case in view of the fact that appellant by his appeal from the final decree has had the benefit of a review of the chancellor's implied refusal to dismiss the bill of complaint, which refusal we find was entirely justified on the record, considering only the face of the bill of complaint to which the motion to dismiss was addressed.

The failure of the chancellor to set forth in his final decree of foreclosure a definite date for the barring of appellants' equity of redemption, while contrary to the settled practice, and indeed erroneous as a matter of procedure, was nevertheless harmless error in this particular case. This is so because of the entry herein of an order staying proceedings on the final decree and allowing supersedeas, the effect of which was to postpone the foreclosure sale pending the final decision of the appeal entered from the final decree.

Where no particular period for making satisfaction of

the mortgage indebtedness is specified in a foreclosure decree for the barring of a defendant's equity of redemption, the privilege of redemption may be exercised as a matter of right at any time prior to the issuance of a master's deed to the purchaser at the foreclosure sale, unless the court shall, by its further decree, otherwise specifically direct.

Reversible errors not having been made clearly to appear, the final decree is affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.