GEORGE S. ALHIZER, II, Trustee in Bankruptcy, in the matter of L. Z. Tate, a Bankrupt, v. L. Z. TATE and AGNES J. TATE, *et vir.*

177 So. 325.

Division A.

Opinion Filed November 18, 1937.

Rehearing Denied December 18, 1937.

*Williams & Williams,* for Appellant;

*Paul C. Albritton,* for Appellees.

Per Curiam.—In this suit a Trustee in Bankruptcy filed bill of complaint seeking to have decree adjudicating certain deeds purporting to convey certain described lands from L. Z. Tate to his wife, Agnes J. Tate, null, void and of no effect because, as was alleged, the same were contrived, made, executed and delivered in fraud of a creditor, to-wit, one S. V. Robinson.

The appeal is from final decree entered after issues made up and testimony taken.

Appellant presents five questions in the following language:

"First Question: Was the defendant, L. Z. Tate, acting as agent or Trustee for his wife, Agnes J. Tate, in the operations in real estate in Sarasota County, Florida; could he make a valid conveyance to his wife, Agnes J. Tate, of such property as he had held of record, in fee simple, for seven years, and after he and his wife had made a general assignment of all personal property for the benefit of creditors; does the evidence justify the presumption of a separate estate in his wife, Agnes J. Tate?"

"Second Question: Did S. V. Robinson, one of the objecting creditors, extend credit to L. Z. Tate on the faith of his (Tate's) ownership of property in Sarasota, Florida?"

"Third Question: Was an attempted conveyance of the property in Sarasota, Florida, which Tate had held of record, in fee simple, for seven years, in fraud of creditors, after L. Z. Tate had been served with notice of the suit which had been filed and which resulted in the judgment now sought to be satisfied, and after the defendants had made a general assignment of all personal property for the benefit of creditors?"

"FOURTH QUESTION: Did the title to the property, which is described in the bill of complaint, in Sarasota, Florida, which had been held of record, in fee simple, by L. Z. Tate for seven years, and which he attempted to transfer to his wife within a year of being adjudged a bankrupt, and after he and his wife had made a general assignment of all personal property for the benefit of creditors, pass to George S. Aldhizer, II, Trustee in Bankruptcy in the matter of L. Z. Tate, a Bankrupt?"

"FIFTH QUESTION: Was the lower court justified in denying the plaintiff the relief sought in the bill of complaint in the face of the circumstances brought out in the testimony, wherein the testimony of the defendants as to a separate estate of the wife, is wholly uncorroborated; the preponderance of the evidence pointing to fraud; contrary to former decisions of this Honorable Court, and the recognized rules of equity?"

The questions resolve themselves into one general question, which is:

"Is there substantial evidence in the record to support the final decree," which was as follows:

"FIRST.—That it has jurisdiction of the parties and of the subject matter.

"SECOND.—That Lot 5, Block 4, Central Park Subdivision No. 1 in the City of Sarasota, Florida, according to the Public Records of Sarasota County, Florida, was purchased by the defendant, L. Z. Tate, for and on behalf of J. C. Whidden and Agnes J. Tate and that the title to said property was held by the said L. Z. Tate as Trustee for J. C. Whidden and Agnes J. Tate, and that the title to Lot 7, Subdivision of Lots 14 and 16, Block 'H' of the plat or plan of said City of Sarasota as per Plat Book 1, page 335, Public Records of Manatee County, Florida, was pur-

chased by the defendant, L. Z. Tate, for and on behalf of Agnes J. Tate, and was held by said L. Z. Tate as Trustee for Agnes J. Tate.

"THIRD.—That S. V. Robinson as one of the creditors of the defendant, L. Z. Tate, did not extend any credit to L. Z. Tate by virtue of the ownership of said described property in Sarasota County in dealings between S. V. Robinson and L. Z. Tate in the State of Virginia and that whatever conveyances which have heretofore been made or which hereafter may be made from L. Z. Tate to Agnes J. Tate are not in fraud of the creditors of L. Z. Tate, Bankrupt.

"FOURTH.—That title of the said property being held by L. Z. Tate as Trustee for Agnes J. Tate and J. C. Whidden and Agnes J. Tate, title did not pass to the Trustee in Bankruptcy in the matter of L. Z. Tate, Bankrupt, upon L. Z. Tate being adjudged bankrupt in the United States District Court for the Western District of Virginia.

"FIFTH.—That by stipulation of counsel for the respective parties and the admissions of the defendants, L. Z. Tate and Agnes J. Tate, the defendant, J. C. Whidden, is entitled to intervene and it appears from the testimony and admissions in this cause that J. C. Whidden owns an undivided one-half interest in Lot 5, Block 4, Central Park, Subdivision No. 1, in the City of Sarasota, Florida, according to the .Public Records of Sarasota County, Florida, and is entitled to a, good and sufficient deed to an undivided one-half interest in said lot or parcel of land.

"SIXTH.—That the defendant, J. C. Whidden, has not shown that he is entitled to an accounting from the defendants, L. Z. Tate and Agnes J. Tate.

"IT Is, THEREFORE, upon consideration of the premises, .decreed that the complainant, George S. Aldhizer, II, Trus-

tee in Bankruptcy in the matter of L. Z. Tate, take nothing by this action and that the equities are with the defendants, L. Z. Tate and Agnes J. Tate, and against the complainant.

"It Is Further Ordered that the defendants, L. Z. Tate and Agnes J. Tate, forthwith execute and deliver to J. C. Whidden a good and sufficient deed to an undivided one-half interest in and to Lot 5, Block 4, Central Park Subdivision No. 1 in the City of Sarasota, Florida, according to the public records of Sarasota County, Florida.

"It Is Further Ordered that this decree shall be without prejudice as to the parties L. Z. Tate, Agnes J. Tate and J. C. Whidden as to any proper action for an accounting which may hereafter be filed between the parties.

"It Is Further Ordered that each of the parties hereto pay their own costs."

Under the application of the legal principles stated by this Court in the case of First National Bank of Arcadia v. Savarese, 101 Fla. 480, 134 Sou. 501, and authorities there cited, to the facts of the case here presented, we find in the record substantial evidence to support the decree.

No reversible error being made to appear, the decree is affirmed.

So ordered.

Ellis, C. J., and Terrell and Buford, J. J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.