ARUNDEL DEBENTURE CORPORATION v. RICHARD W. LE-
BLOND, and MARION I. SCHULTZ, Sometimes Known as
M. I. SCHULTZ, Individually and as Trustee.

190 So. 765
Division B
Opinion Filed August 1, 1939

*Stapp, Gourley, Ward & Ward,* for Appellant;

*Jack Kehoe,* for Appellee.

BROWN, J.—Appellant will hereinafter be referred to as the defendant while the appellee, Richard L. LeBlond, will be referred to as the plaintiff and Schultz as the trustee of the plaintiff.

September 1, 1937, plaintiff filed a bill in Chancery in the Circuit Court of Dade County seeking to have one Marion I. Schultz, sometimes known as M. I. Schultz, convey certain parcels or pieces of property to the plaintiff, also to quiet title in the plaintiff in so far as any interest in or to the said property might be claimed by one Charles W. Hoff, as trustee, due to a deficiency decree held by the said Hoff against Marion I. Schultz and E. B. Thompson.

The defendant corporation is the assignee of record of the deficiency decree recovered by Hoff against Schultz and Thompson. By stipulation the defendant agreed to be substituted for Hoff in this action. On October 7, 1937, plaintiff filed its amended bill, while defendant appeared on October 4, 1937. On November 1, 1937, the defendant corporation filed its motion to dismiss the bill of complaint. This motion was denied by order of the Court on November 13, 1937, and the defendant was given until November 29th, 1937, to file its answer. The defendant failed to answer or plead any further and plaintiff filed a motion for decree *pro confesso* and for entry of final decree on December 1, 1937. Whereupon the final decree was entered by the court and the defendant took this appeal, assigning as error the order of court dated November 13, 1937, denying the motion to dismiss and also the entry of the final decree on December 1, 1937.

Briefly the allegations of the plaintiff's bill were: That the plaintiff purchased several pieces of property in Dade County, Florida, taking title to each and all of the said

parcels of land in the name of Marion I. Schultz, as trustee, or in the name of M. I. Schultz, as trustee; that the plaintiff paid the full purchase price of all property thus acquired, and all the expenses incidental to each acquisition of title to such land; that the plaintiff further purchased a 99-year lease on certain land in Dade County, Florida, taking an assignment of the lease in the name of Marion I. Schultz, as trustee, the plaintiff furnishing the entire purchase price of the said lease and all expenses thereto attached; that each of these four parcels of land were conveyed by deed duly and properly recorded, and that the lease was transferred by an assignment properly put on record; that at no time, however, was there any instrument recorded setting out who was the *cestui que* trust, nor any instrument setting out any terms of a trust agreement; that in December, 1933, one Charles W. Hoff, as trustee, obtained a deficiency decree against Marion I. Schultz and one E. B. Thompson; that this deficiency decree was entered against Marion I. Schultz individually and not as the trustee of the plaintiff; that the defendant is the assignee of the decree recovered by Hoff; that the plaintiff is in truth the owner of all beneficial rights and interests in and to all property in the bill described; and that, "Your plaintiff further alleges that there has not been filed for record in Dade County, Florida, a Trust Agreement or a Declaration of Trust, but that at all times there was a mutual understanding and a general knowledge that M. I. Schultz, sometimes known as Marion I. Schultz, was acting for and on behalf of the plaintiff Richard K. Le Blond, and as trustee for the said Richard K. Le Blond, and that the title to said properties, as well as other properties, were being held by the said M. I. Schultz as trustee, and Marion I. Schultz as trustee, for the use and benefit of your plaintiff."

The defendant, by relying upon its motion to dismiss must admit all of these allegations as being true.

While it is true that by virtue of Section 5666, Compiled General Laws of Florida 1927 (Section 3793 R. G. S.), the conveyances under which Schultz acquired the property involved, vested in him a fee simple title, with full power and authority to sell, convey and grant both the legal and beneficial interest in the real estate (Willys-Overland, Inc., v. Blake, *et al,* 97 Fla. 626, 121 Sou. Rep. 884), it is likewise true that such a conveyance will not preclude a court of equity from declaring this to be a resulting trust, unless there be prior equities that will prevent such being done.

The strict construction sought by defendant to be placed upon Section 5666, Compiled General Laws of Florida 1927 (Section 3793 R. G. S.), was never intended in the Willys-Overland case, *supra.* This section of C. G. L. was intended to prevent secret trusts, to convey the beneficial title to the grantee along with the legal title, in order to prevent any fraud being perpetrated upon all who might subsequently *rely upon the record* when dealing with the grantee.

In the Willys-Overland case, *supra,* the answer specifically denied any knowledge on the part of the judgment creditor of any interest in the claimants. There is no such denial in the present case; but rather, by the motion to dismiss, there is an admission that:

"At all times there was a mutual understanding and a general knowledge that M. I. Schultz, sometimes known as Marion I. Schultz, was acting for and on behalf of the plaintiff Richard K. Le Blond, and as trustee for the said Richard K. Le Blond."

The plaintiff's bill alleges sufficient facts, when admitted, to justify the Court in declaring a resulting trust in the said

plaintiff. Thompson on Real Property, Vol. 3, par. 2297, at page 332, and the case thereunder cited.

The true rule with regards to resulting trusts has already been stated by this Court in the case of Hunter v. State Bank of Florida, 65 Fla. 202, 61 Sou. Rep. 497, wherein the Court said:

"The lien of a judgment attaches only to 'the real estate of the defendant. The statute makes the judgment lien effective only as to the actual beneficial interests of the defendant * * *." But if the record shows a beneficial interest in the defendant, and there are no circumstances to rebut such showing or to put interested parties upon inquiry, when, in fact, the defendant has no beneficial interest or only a partial or qualified beneficial interest, those who have the beneficial interest not shown of record may be estopped from asserting it against a bona fide judgment creditor or subsequent purchaser of the judgment debtor, when the judgment creditor or a purchaser at a judicial sale under the judgment reasonably may have acquired substantial rights on the faith of or by reason of the record showing an interest in the judgment debtor when in fact such interest belongs to another."

This rule has been adhered to by this Court in the more recent case of First National Bank of Arcadia v. Savarese, 101 Fla. 480, 134 Sou. Rep. 501, wherein the Court said:

"Thus it may be said that, while the beneficial owner of property may often times be estopped from asserting his beneficial interest in the property against a bona fide judgment creditor, it is also generally recognized that a judgment creditor cannot have his debt satisfied out of property held by his judgment debtor under a resulting trust for another, no matter how completely his debtor has exercised apparent ownership over it, unless it is made to appear that it was

on the faith of such ownership that the credit was given which resulted in the judgment sought to be satisfied. See 17 R. C. L. 125.

"Thus a distinction is generally drawn between a judgment creditor who extended credit and acquired judgment on the faith of the title to certain property being at the time of the extension of credit in the judgment debtor and a judgment creditor who extended credit without any such reliance.

"As against those creditors who have relied upon a record title to property held by a debtor under a resulting trust, the *cestui que* trust will be estopped from asserting his claim, but as against the others the claim of *cestui que* trust may be good, dependent upon the surrounding circumstances.

"In such cases, the record may, but does not necessarily always, operate as an estoppel when judgment creditors, without actual knowledge, and without circumstances to put them upon inquiry, reasonably may have taken substantial steps relying upon the record, as against a judgment creditor seeking to satisfy his judgment out of property of a *cestui que* trust under a resulting trust, the rights of the innocent *cestui que* trust should prevail, unless it is made to appear that the *cestui que* trust for equitable reasons should be estopped from asserting his rights."

In this case it was not incumbent upon the plaintiff, Le Blond, to show or affirmatively allege that the judgment creditor had not acquired rights on the faith of or by reason of the record showing title in the judgment debtor. The burden of proving estoppel rests upon the party invoking it. First National Bank of Arcadia v. Savarese, 101 Fla. 480, 134 Sou. Rep. 501. In the case there is nothing to show that the judgment creditor extended credit on the faith of the title to the property being in the judgment debtor,

Schultz, at the time credit was extended; nor that the deficiency judgment or decree here involved was sought or obtained on the strength of the record showing title to the land to be in Schultz, the trustee of the plaintiff.

Under these circumstances the judgment creditor may not as a matter of law be declared to have a prior lien on the property, but he must show the equities of the case to be with him; he must show that he in some way relied upon the record in extending credit or in the reduction of the debt to judgment.

It is therefore considered, ordered, and adjudged by the Court that the said order and decree of the circuit court be, and the same are hereby, affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.