**LARSON, Collector of Internal Revenue, v. CUESTA et al.**

**No. 9745.**

Circuit Court of Appeals, Fifth Circuit.

June 4, 1941.

F. E. Youngman, Sewall Key, and Michael H. Cardozo, IV., Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., H. S. Phillips, U. S. Atty., of Tampa, Fla., and Harry G. Taylor, Sp. Asst. to U. S. Atty., of Miami, Fla., for appellant.

Ray C. Brown, of Tampa, Fla., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves income taxes for the year 1935. The controversy arises out of a loss sustained by the taxpayer with respect to certain bonds of the Peninsula Motors Corporation purchased by him in 1925. The bonds were part of a total issue of $120,000, and were secured by a trust deed in the nature of a mortgage on real estate in Florida. The question presented is: Did the court below err in allowing the taxpayer to deduct as a bad debt the excess of the amount he paid for said bonds over the amount he received during the year upon the sale of the real property securing the bonds?

In 1928 the corporation defaulted in its obligations under the trust instrument, and suit to foreclose was instituted by the trustee, Citizens Bank & Trust Company. A decree of foreclosure was entered in December, 1928, and in 1929 the property was sold thereunder upon a bid of $100,000 to the Citizens Bank & Trust Company as trustee, the bondholders becoming the beneficial owners by operation of law.[1] The debtor, Peninsula Motors Corporation, was discharged in bankruptcy in 1932. There was a second judicial sale in 1935, at which the mortgaged property was sold for $15,000, although it was of the fair market value of $30,000. At this second sale the taxpayer purchased an undivided 16% interest in the same property of which he was already the beneficial owner of an undivided one-twelfth interest, thereby increasing his interest therein 7⅔%.

In computing his income tax for 1935 the taxpayer deducted, as a loss due to a bad debt, the difference between what he originally paid for the bonds, $10,000, and the amount he received in cash from the 1935 sale, $363.16. The Commissioner limited the amount to be deducted to $2,000 on the ground that he had sustained a capital loss subject to the limitations of the capital-gain-and-loss provisions of the revenue act.[2]

■■ We think the debt was discharged at the time of the foreclosure to the amount of the bid at that sale. It does not appear that the debtor had any other property, but, if any debt survived the foreclosure, it was finally discharged at the conclusion of the bankruptcy proceedings. It was unreasonable to expect to collect anything from the bankrupt corporation after 1932, and there was no one secondarily liable.[3] We agree with the Commissioner that there was no debt in existence in 1935 to be charged off and deducted. The deduction allowed to this taxpayer was a capital-loss deduction arising from his acquisition, at the foreclosure sale in 1929, of a capital asset at a cost of $8333.33, which was later disposed of in 1935 for $363.16. Of the loss sustained, $2,000 was properly deductible under § 117 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 707; 26 U.S.C.A. Int.Rev.Code, § 23.

The judgment is reversed, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

---

[1] Arundel Debenture Corp. v. Le Blond, 139 Fla. 668, 190 So. 765.

[2] Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. —, 131 A.L.R. 1481; McClain v. Commissioner, 311 U.S. 527, 61 S.Ct. 373, 85 L.Ed. —.

[3] Helvering v. Midland Mut. Ins. Co., 300 U.S. 216, 224, 57 S.Ct. 423, 81 L.Ed. 612, 108 A.L.R. 436; Collin County National Bank v. Commissioner, 5 Cir., 48 F.2d 207; Little v. Helvering, 8 Cir., 75 F.2d 436; Commissioner v. Hawkins, 5 Cir., 91 F.2d 354; Bingham v. Commissioner, 2 Cir., 105 F.2d 971; Hadley Falls Trust Co. v. United States, 1 Cir., 110 F.2d 887; Curtis v. Helvering, 2 Cir., 110 F.2d 1014; Commissioner v. National Bank of Commerce of San Antonio, 5 Cir., 112 F.2d 946; Christopher v. Mungen, 61 Fla. 513, 55 So. 273; Busch v. City Trust Co., 101 Fla. 392, 134 So. 226; Van Huss v. Prudential Ins. Co. of America, 123 Fla. 20, 23, 165 So. 896; Arundel Debenture Corp. v. Le Blond, 139 Fla. 668; 190 So. 765; Art. 23 (k)-3 of Regulations 86, promulgated under the Revenue Act of 1934; Revenue Act of 1934, c. 277, 48 Stat. 680, § 117 (a) (d), 26 U.S.C.A. Int.Rev.Acts page 707.