511 So.2d 622 (1987)
Stanley I. MEADOWS, et al., Appellants,
v.
CITICORP LEASING, INC., et al., Appellees.
No. 86-20.
District Court of Appeal of Florida, Fifth District.
July 16, 1987.
Rehearing Denied August 24, 1987.
Sharon Lee Stedman, of Rumberger, Kirk, Caldwell, Cabaniss & Burke, A Professional Association, Orlando, for appellants.
John H. Skinner, Jacksonville, for appellee West Cash & Carry Building Materials.
Joseph G. Thresher, of Shackleford, Farrior, Stallings & Evans, Professional Association, Tampa, for appellee Citicorp Leasing, Inc.
UPCHURCH, Chief Judge.
The Meadows appeal a final judgment entered in favor of Citicorp Leasing, Inc. Stanley and Sybil Meadows contend that the trial court erred in refusing to reform a deed and to quiet title in property they had conveyed to their son David. We agree and reverse.
The property involved was a condominium which constituted the homestead of Stanley and Sybil Meadows. They stated that they intended for the deed to convey the condominium to their son, David, in trust for the benefit of their grandchildren. At the time of this conveyance Stanley and David Meadows had several judgments outstanding against them as a result of unfulfilled business obligations. Mr. and Mrs. Meadows contacted an attorney who advised *623 them that as homestead property it was not subject to the claims of creditors and that it could be conveyed in trust for the benefit of their grandchildren and still remain free of the judgment liens. The deed was made to "David Meadows as trustee" but there was no declaration of trust and no trust document was recorded.
Section 689.07, Florida Statutes (1977) provides that where a grantee in a deed is named as trustee without identifying either the beneficiaries or the nature and purposes of the trust and no trust agreement of record is identified, the grantee receives fee simple title. This section was intended to prevent fraud being perpetrated upon persons who might subsequently rely upon the record when dealing with the grantee. Arundel Debenture Corporation v. Le Blond, 139 Fla. 668, 190 So. 765 (1939).
In Arundel Debenture Corporation, the plaintiff, LeBlond, had purchased property paying full value and taking title in the name of Marion I. Schultz as trustee. Hoff (assignor of Arundel) had obtained a deficiency decree against Schultz in another unrelated matter. Le Blond brought an action to quiet title to the property and to have Schultz convey. The court held:
In this case it was not incumbent upon the plaintiff, Le Blond, to show or affirmatively allege that the judgment creditor had not acquired rights on the faith of or by reason of the record showing title in the judgment debtor. The burden of proving estoppel rests upon the party invoking it. First National Bank of Arcadia v. Savarese, 101 Fla. 480, 134 So. 501 [1931]. In the case there is nothing to show that the judgment creditor extended credit on the faith of the title to the property being in the judgment debtor, Schultz, at the time credit was extended; nor that the deficiency judgment or decree here involved was sought or obtained on the strength of the record showing title to the land to be in Schultz, the trustee of the plaintiff. Under these circumstances the judgment creditor may not as a matter of law be declared to have a prior lien on the property, but he must show the equities of the case to be with him; he must show that he in some way relied upon the record in extending credit or in the reduction of the debt to judgment.
139 Fla. at 671, 190 So. at 768.
It is clear that none of the judgment creditors extended credit to David Meadows in reliance upon this deed. All judgments were placed on record before this deed was executed. Mrs. Meadows, who owned the condominium with her husband, had no judgments against her. The attorney who prepared the deed candidly acknowledged that the failure to declare the beneficiaries of the trust and to record the trust agreement at the time the deed was recorded was his error. He characterized the error as being the result of his understanding that, if the grantee were designated as trustee, it would be notice to anyone dealing with the grantee or relying on the record that the property might be subject to some claim.
At the trial the only testimony presented was on behalf of the parties to the deed. Counsel for one of the creditors of Stanley Meadows and David Meadows conducted cross examination of the witnesses, but the creditors have not alleged nor have they attempted to prove that the deed was executed in an attempt to defraud them. We conclude therefore that the grantors' intentions to convey the property in trust for the benefit of their grandchildren was not effected because of their attorney's error. Under these circumstances it was error for the trial court to refuse to quiet title as prayed. See Kidd v. Fowler, 498 So.2d 969 (Fla. 4th DCA 1986).
REVERSED and REMANDED for further proceedings consistent with this opinion.
COBB and COWART, JJ., concur.