In re David A. CRABTREE, also known as West Knoxville Investment Company, Incorporated, Debtor.

D. Broward CRAIG, Trustee of David A. Crabtree, also known as West Knoxville Investment Company, Incorporated, Plaintiff–Appellee,

v.

Swan SEYMOUR, individually and as General Partner of Ponce Inlet Development Company, a Florida general partnership, Defendant–Third Party Plaintiff–Appellant,

and

Federal Deposit Insurance Corporation, Third Party Defendant.

No. 88–5112.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1988.

Decided March 27, 1989.

James S. Wallack, Mark C. Ellenberg (argued), Paul M. Bauch, Cadwalader, Wickersham & Taft, Washington, D.C., John A. Walker, Jr., Walker & Walker, P.C., Knoxville, Tenn., for debtor and plaintiff-appellee.

Kyle R. Weems (argued), Chattanooga, Tenn., for defendant-third party plaintiff-appellant.

Bruce C. Taylor, Nancy R. Adler, Rodney Ray, Staff Atty., Federal Deposit Ins. Corp., Knoxville, Tenn., for defendant.

Before KENNEDY, MARTIN, and NORRIS, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Swan Seymour appeals the district court's order affirming the judgment of the bankruptcy court for bankruptcy trustee D. Broward Craig. We affirm the order of the district court.

On April 9, 1979, Swan Seymour, David Crabtree, who also operated as West Knoxville Investment Company, Inc., and DFP Sales Company, Inc., a wholly-owned subsidiary of West Knoxville, formed, as equal one-third partners, a Tennessee general partnership known as Ponce Inlet Development Company. On June 22, 1979, Paul Kennedy conveyed to Crabtree by warranty deed a tract of real property in Volusia County, Florida. Land records in Volusia County showed the property to be owned by "David A. Crabtree, as Trustee," but the trust beneficiaries were not identified in the deed.

An Agreement and Declaration of Trust was executed at some time a few weeks following the conveyance of the Florida property. Under the Agreement and Declaration of Trust, Crabtree agreed that title to the Florida property would be held by him in trust for the benefit of himself, Seymour and DFB Sales Company. The Agreement and Declaration of Trust was, however, never recorded in the land records of Volusia County. Two years later, a document entitled Declaration of Covenants and Restrictions and Creation of Property Owners' Association was recorded in the Volusia County land records. This document identified Crabtree as trustee of the Florida property, but failed to identify the trust's beneficiaries and neglected to state the trust's nature and purpose.

On July 14, 1983, an involuntary petition for bankruptcy was filed against Crabtree. The bankruptcy court subsequently entered an order for relief, and D. Broward Craig was appointed trustee of the Crabtree estate. On February 27, 1985, the bankruptcy court approved the sale of the Florida property by Craig for $260,000, and the proceeds were brought into the bankruptcy estate. Seymour filed suit against Craig claiming one-third of the proceeds obtained in the sale of the Florida property, contending that the property was held by Crabtree for the benefit of Ponce Inlet and that the Florida property and its proceeds constituted property of Ponce Inlet and should not be considered as property of the bankruptcy estate.

On January 2, 1987, the bankruptcy court entered a judgment and memorandum opinion, holding that the Florida property was property of the Crabtree bankruptcy estate and that Seymour was not entitled to any proceeds from the sale of the Florida property. The district court affirmed the judgment of the bankruptcy court. According to the district court, Fla. Stat.Ann. § 689.07(1) created fee simple ownership in a party, such as Crabtree, who was named as trustee in a deed without identification of trust beneficiaries or purposes. Because Crabtree had fee simple title, Craig, the bankruptcy trustee, obtained fee simple title to the Florida property. As a result, Seymour could have no interest in the proceeds from the sale of the Florida property. Seymour now appeals the district court's denial of a share of the sale proceeds.

On appeal, Seymour argues that, under Fla.Stat.Ann. § 689.07(4), the Agreement and Declaration of Trust between himself, Crabtree and DFB Sales Company gave Seymour an equitable interest in the Florida property and that Crabtree's fee simple title, and therefore Craig's fee simple title, was subject to this equitable interest. Because § 541(d) of the bankruptcy code (11 U.S.C. § 541(d)) should prevail over the bankruptcy trustee's "strong-arm" powers under § 544(a) (11 U.S.C. § 544(a)) where state law confers an equitable title on a third party prior to bankruptcy, Seymour's beneficial interest in the Florida property is an equitable interest which cannot be altered or abrogated by § 544(a). *See In re General Coffee Corporation,* 828 F.2d 699 (11th Cir.1987); *Matter of Quality Holstein Leasing,* 752 F.2d 1009 (5th Cir.1985). Seymour additionally contends that Crabtree held the Florida property in constructive trust for the benefit of himself and Ponce Inlet and that his rights as a constructive trust beneficiary should prevail over the bankruptcy trustee's § 544(a) strong-arm powers. *General Coffee Corporation,* 828 F.2d 699; *Quality Holstein Leasing,* 752 F.2d 1009; *In re N.S. Garrott & Sons,* 772 F.2d 462 (8th Cir.1985). We disagree with Seymour's contentions.

The arguments made by Seymour raise a question concerning the operation of, and possible conflict between, sections 541(d) and 544(a) of the bankruptcy code. Section 544(a) gives a bankruptcy trustee the rights and powers of a judicial lien creditor or a bona fide purchaser of real property and allows the trustee to avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a judicial lien creditor or a bona fide purchaser of real property. This section therefore permits the trustee to bring property of the debtor into the bankruptcy estate. Conversely, § 541(d) excludes certain

equitable interests from the bankruptcy estate; it provides that property in which the debtor holds only legal title and not an equitable interest (such as a mortgage) becomes property of the estate only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold. Seymour claims an equitable interest in the Florida property under Fla.Stat.Ann. § 689.07(4) and contends that this equitable interest should, under § 541(d), prevail over the § 544(a) strong-arm powers of the trustee, thereby preventing Craig from bringing the Florida property into the bankruptcy estate.

Courts have differed in their resolution of the apparent conflict between § 544(a) and § 541(d). Some courts have held, as Seymour argues, that § 541(d) prevails over the trustee's strong-arm powers under § 544(a). *See, e.g., Quality Holstein Leasing*, 752 F.2d at 1013. Other courts have rejected this approach, holding that sections 541(d) and 544(a) operate independently; specifically, these courts have reasoned that § 541(d) does not limit the trustee's avoidance powers under § 544(a) but instead qualifies *§ 541(a)*, which specifies the interests of the debtor in property that comprise the bankruptcy estate. For a discussion, see *General Coffee*, 828 F.2d at 705. Several commentators have agreed with such an interpretation of sections 544(a) and 541(d), arguing that § 541(d) clarifies § 541(a) and was intended merely to recognize the inviolability of bona fide secondary mortgage market transactions. *See, e.g.,* 1 W.H. Drake and A.L. Mullins, *Bankruptcy Practice* § 5.04 (1988); 4 L.P. King (ed.), *Collier on Bankruptcy* ¶ 541.24 (15th ed. 1988). We, however, do not need to resolve the alleged conflict between § 544(a) and § 541(d) of the bankruptcy code because this case may be decided by reference to Florida state law. We therefore do not reach and we express no opinion on the federal bankruptcy issues presented in this case. In addition, Seymour's claim that his rights as a constructive trust beneficiary should prevail over Craig's § 544(a) strong-arm powers is not supportable because, even if Seymour's argument were valid, he failed to plead the remedy of a constructive trust in proceedings below.

Regardless of the operation of § 544(a) and § 541(d) of the bankruptcy code, Seymour's appeal must fail because, under Florida state law, he had no equitable interest in the Florida property. Fla.Stat.Ann. § 689.07(1) provides that a deed or conveyance of real estate "in which the words 'trustee' or 'as trustee' are added to the name of the grantee, and in which no beneficiaries are named nor the nature and purposes of the trust, if any, are set forth," grants "a fee simple estate" with "both the legal and beneficial interest in the real estate conveyed," provided that no declaration of trust is recorded. Because the deed conveying the Florida property to Crabtree "as trustee" did not name the trust's beneficiaries nor state the trust's nature or purpose and because the Agreement and Declaration of Trust was never recorded, Crabtree became the fee simple owner of the property. Craig, as bankruptcy trustee, succeeded to Crabtree's fee simple interest in the Florida property. Although Fla.Stat.Ann. § 689.07(4) does provide that § 689.07 should not prevent any beneficiary under an unrecorded declaration of trust from enforcing the terms thereof against the trustee, this provision does not give Seymour any *equitable* interest in the Florida property which would be enforceable against Craig, who obtained fee simple title to the property from Crabtree. Because Craig, as bankruptcy trustee, possessed fee simple title to the Florida property under Florida law, he is entitled to all proceeds from the sale of the property.

Accordingly, we affirm the judgment of the district court.