In re Elmer Daniel **SPERRY,** Debtor.

Leigh **MEININGER,** as Trustee for Lake Abstract & Guaranty Co., Crossclaimant,

v.

Paul **GRIGSBY,** Cross-defendant.

Bankruptcy No. 84–672–BKC–6P7.
Adv. No. 86–74.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

June 15, 1989.

See also, Bkrtcy., 101 B.R. 763.

John A. Baldwin, Fern Park, Fla., for Defendants Paul Grigsby and Elmer Daniel Sperry.

Stephen H. Judson, Leesburg, Fla., for defendant Lake Abstract.

Leigh Meininger, trustee, Orlando, Fla., for defendant Lake Abstract.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO CROSS-CLAIM OF LEIGH MEININGER, TRUSTEE

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the crossclaim filed by Leigh Meininger, the bankruptcy trustee for defendant Lake Abstract & Guaranty Co. ("Lake Abstract"), seeking to void an unrecorded mortgage pursuant 11 U.S.C. § 544(a).

A trial of this adversary proceeding was held on March 19, 1987, September 3, 1987, October 13, 1988 and March 2, 1989, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Lake Abstract's crossclaim against Grigsby concerns real property located in Lake County, Florida (the "Clermont Property"). The property is legally described as follows:

Lots 7 and 20, and the West 50 feet of Lots 1 to 6, inclusive, Block 73, in the City of Clermont, Florida, according to the Official Plat thereof, recorded in Plat Book 8, pages 17 to 23, inclusive, Public Records of Lake County, Florida, Less the right of way for State Road No. 50.

2. At all times material to this proceeding, the property was owned by Lake Abstract & Guaranty Co., a debtor in another Chapter 7 proceeding before this Court. Case No. 85–2002–BKC–6P7.

3. Cross-defendant Paul Grigsby ("Grigsby") asserts a mortgage lien against the Clermont Property in the amount of $55,358.83, plus interest, predicated upon an unrecorded mortgage executed by Lake Abstract around October 1, 1985.

4. The trustee for Lake Abstract, Leigh Meininger, filed the crossclaim against Grigsby pursuant to § 544(a) seeking to void this unrecorded interest in property of that estate.

### CONCLUSIONS OF LAW

The crossclaim of Lake Abstract is predicated upon 11 U.S.C. § 544(a)(3), which provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Simply put, § 544(a)(3), permits a trustee to avoid any transfer of property of the debtor, or obligation incurred by the debtor, that would be voidable by a bona fide purchaser of the property. Actual knowledge of the unrecorded interest is irrelevant—the trustee "shall" be able to avoid an encumbrance that would be voidable by

a bona fide purchaser "without regard to any knowledge of the trustee or of any creditor." *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d 1332 (7th Cir.1986).

In this case, Grigsby failed to properly record his mortgage interest in the Clermont Property. Therefore, a bona fide purchaser for value conducting a record search for this property would have no knowledge of Grigsby's interest and would take title to the property free and clear of this encumbrance. Under § 544(a)(3), the trustee assumes the position of a bona fide purchaser and may void a mortgage interest which was unrecorded as of the petition date. This is true irrespective of whether such a bona fide purchaser actually exists.

The Court concludes that the trustee may, on behalf of Lake Abstract's bankruptcy estate, use his "strongarm" powers under 11 U.S.C. § 544(a) to void Grigsby's interest in the Clermont property.

The Court will enter a separate Final Judgment in accordance with these findings.

### FINAL JUDGMENT ON CROSSCLAIM OF LEIGH MEININGER, TRUSTEE

Upon Findings of Fact and Conclusions of Law separately entered, it is ORDERED as follows:

1. Final Judgment is entered in favor of crossclaimant Leigh Meininger, as Trustee for Lake Abstract & Guaranty Co., and against the cross-defendant, Paul Grigsby.

2. Cross-defendant Paul Grigsby's unrecorded interest in the following described property is void pursuant to 11 U.S.C. § 544(a):

> Lots 7 and 20, and the West 50 feet of Lots 1 to 6, inclusive, Block 73, in the City of Clermont, Florida, according to the Official Plat thereof, recorded in Plat Book 8, pages 17 to 23, inclusive, Public records of Lake County, Florida, Less the right of way for State Road No. 50.

3. Leigh Meininger, as trustee for Lake Abstract & Guaranty Co., may dispose of this property free and clear of any claim of lien asserted by Cross-defendant Paul Grigsby.

DONE AND ORDERED.