662 So.2d 760 (1995)
Walter H. BECKHAM, Jr., and Aaron Podhurst, as Trustees for Park Place Properties, Appellants,
v.
RINKER MATERIALS CORPORATION, a Florida corporation, Appellee.
No. 94-1641.
District Court of Appeal of Florida, Third District.
November 15, 1995.
*761 Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, and Joel Eaton, Miami, for appellants.
Cooney, Ward, Lesher & Damon and Dale A. Konigsburg, West Palm Beach, for appellee.
Before BASKIN, COPE and GODERICH, JJ.
BASKIN, Judge.
Walter Beckham, Jr., and Aaron Podhurst, as Trustees for Park Place Properties, appeal a summary final judgment in favor of defendant Rinker Materials Corp. We reverse.[1]
In 1985, a parcel of real property [Park Place Properties] was conveyed by warranty deed to Michael Edelman and Aaron Podhurst, as Trustees. Pursuant to an unrecorded trust agreement, the property was held in trust for the benefit of several parties; Edelman held a 20% beneficial interest. In 1990, Edelman resigned as trustee and assigned his interest to the remaining beneficiaries. The resignation and assignment were not recorded. In 1992, Rinker obtained two judgments against Edelman, individually. The judgments were unrelated to the property. Rinker recorded the judgment liens on the property.
In 1993, Beckham and Podhurst, as Trustees for Park Place Properties, attempted to sell the property. A title search revealed Rinker's judgment liens. Upon Rinker's refusal to release its claims, Beckham and Podhurst filed an action against Rinker to remove the cloud on the title: count I sought to quiet title and count II sought damages for slander of title. Rinker answered asserting, inter alia, that plaintiffs were not entitled to relief because Edelman owned a fee simple estate pursuant to section 689.07(1), Florida Statutes (1993).
Following cross-motions for summary judgment, the court entered judgment in favor of Rinker. Rinker had submitted an affidavit asserting that it had extended credit to a corporation based on Edelman's personal guarantee. Rinker had performed a credit check on Edelman and knew that he was a developer who owned real property. It had no specific knowledge of the property at issue.
We hold that the trial court erred in finding that the judgment liens attached to the property. Section 689.07(1) states:
Every deed or conveyance of real estate heretofore or hereafter made or executed, in which the words "trustee" or "as trustee" are added to the name of the grantee, and in which no beneficiaries are named nor the nature and purposes of the trust, if any, are set forth, shall grant and is hereby declared to have granted a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey and grant and encumber both the legal and beneficial interest in the real estate conveyed, unless a contrary intention shall appear in the deed or conveyance; provided, that there shall not appear of record among the public records of the county in which the real property is situate at the time of recording of such deed or conveyance, a declaration of trust by the grantee so described declaring the purposes of such trust, if any, declaring that the real estate is held other than for the benefit of the grantee.
In this case, the statute is implicated because Edelman took title "as trustee"; the deed neither names the beneficiaries nor sets forth the nature and purposes of the trust; and the declaration of trust is not recorded.
Contrary to Rinker's assertion, however, the statute does not render Edelman's trustee capacity immaterial. As set forth in First Nat'l Bank of Arcadia v. Savarese, 101 Fla. 480, 134 So. 501, 504 (1931):
[I]t is also generally recognized that a judgment creditor cannot have his debt satisfied out of property held by his judgment debtor under a resulting trust for another, no matter how completely his debtor has exercised apparent ownership over it, unless it is made to appear that it was on the faith of such ownership that the credit was given which resulted in the judgment sought to be satisfied.
*762 (citation omitted). Accord Arundel Debenture Corp. v. Le Blond, 139 Fla. 668, 671, 190 So. 765, 768 (1939); Aldhizer v. Tate, 130 Fla. 96, 177 So. 325 (1937); see Marks v. Millman, 641 So.2d 414, 416 n. 5 (Fla. 3d DCA 1993), review denied, 651 So.2d 1195 (Fla. 1995). Here, the beneficiaries are not equitably estopped from asserting their interests in the property against Rinker. As the trial court found,[2] the record demonstrates that Rinker did not rely on the record title in extending credit to Edelman: Rinker concedes that it did not search the public records and that it had no knowledge that Edelman had any interest in this particular property. Thus, the judgment liens do not attach to the property. See Meadows v. Citicorp Leasing, Inc., 511 So.2d 622 (Fla. 5th DCA 1987); Estey v. Sharp Electronics Corp., 409 So.2d 217 (Fla. 4th DCA 1982). Accordingly, we reverse the judgment and remand for entry of summary judgment in favor of Beckham and Podhurst on count I.
Reversed and remanded.
NOTES
[1] We find no merit in Rinker's appeal of the order denying its motion for attorney's fees.
[2] The summary final judgment states: "[t]here is no indication whatever that [Rinker] relied on Edelman's interest in the [p]roperty in extending credit to Edelman, which credit ultimately resulted in the recorded judgment. Neither did that judgment have anything to do with the [p]roperty."