**In re Donald James SCHIAVONE, Debtor.**

**Soneet R. KAPILA, Trustee in Bankruptcy for Donald James Schiavone, Plaintiff,**

v.

**Patricia R. DYE aka Patricia Rose Dye aka Patricia Rose Schiavone and Donald James Schiavone aka Don Schiavone, as Trustee of 209 Salzedo Street Trust, jointly and severally, Defendants.**

Bankruptcy No. 96–32129–BKC–PGH.

Adversary No. 96–1141–BKC–PGH–A.

United States Bankruptcy Court, S.D. Florida.

April 23, 1997.

Michael Bakst, West Palm Beach, FL.

Norman L. Schroeder, II, Lake Worth, FL, for debtor.

Soneet R. Kapila, Fort Lauderdale, FL, Chapter 7 Trustee.

Roy S. Kobert, Orlando, FL, United States Trustee.

## *ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT.*

PAUL G. HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court upon the Trustee's, Soneet R. Kapila, Motion For Summary Judgment and Defendants', Patricia R. Dye and Donald James Schiavone, cross Motion For Summary Judgment. The Court finds that there are no material facts in dispute and that summary judgment is appropriate. *Clemons v. Dougherty Co.,* 684 F.2d 1365, 1368 (11th Cir.1982) *citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

### *UNDISPUTED MATERIAL FACTS*

On May 23 1996, the Debtor, Donald James Schiavone, filed a voluntary petition under Chapter 7 of the Bankruptcy Code and Soneet R. Kapila was appointed the Chapter 7 Trustee (the "Trustee"). On September 27, 1996, the Trustee objected to the Debtor's claimed exemption of his interest in real property located in Royal Palm Beach, Florida (the "Property"). The Property's legal description is:

> Single family residence located Lot 32, Block M, La Mancha Two, according to the Plat thereof, recorded in Plat Book 29, Page 196, Palm Beach County, FL. Location: 209 Salzedo Street, Royal Palm Beach, FL.

In addition, the Trustee simultaneously commenced adversary proceedings against the Debtor and Patricia Dye[1] ("Dye") to determine the priority and validity of the estate's interest, if any, in the Property, to quiet title in the Property, and for declaratory relief.

The Property is the corpus of an written unrecorded land trust agreement (the "Trust"). Dye created the Trust in 1995 after she and the Debtor attended a seminar regarding the use of living trusts. Relying upon the information they received from the seminar, the Debtor and Dye gave each other quit-claim deeds thereby transferring title of their respective properties to the other. On August 15, 1995, Dye conveyed the Property by quit-claim deed to "209 Salzedo Street Trust, Don Schiavone, Trustee." The quit-claim deed did not identify either the Trust's beneficiaries or the nature and purpose of the Trust. Dye recorded a copy of the deed but did not record a copy of the Trust or a declaration of trust in the public land records of Palm Beach County, Florida. At some point, she also gave notice of the Trust to the Palm Beach County Tax Collector and Property Appraiser. This notice was not recorded in the Palm Beach County's grantor/grantee index. Dye has maintained continuous possession of the Property both before and after the Trust's creation.

The Trustee contends that, pursuant to Florida law, the Debtor holds fee simple title to the Property. The Trustee further contends that any unrecorded beneficial interest claimed by Dye may be extinguished by the Trustee by virtue of his avoiding powers under section 544 of the Bankruptcy Code.

The Debtor claims that under section 541(d) of the Code, the Property is not part of his estate because he holds only bare legal title to the Property as trustee of the land trust. According to the Debtor, the Trustee can succeed to no greater interest than that held by the Debtor on the petition date.

Dye maintains that she never intended to vest the Debtor with any beneficial interest in the Property and that her sole reason for creating the Trust was to protect her children in the event of her death. She claims that her failure to reference the Trust's purpose or indicate its beneficiaries in the quit-claim deed was a mistake and that she was

---

**1.** At the time the Debtor's voluntary petition, Dye was the Debtor's girlfriend. On May 26, 1996, three days after the Debtor filed bankruptcy, Dye and the Debtor were married.

unaware of the need to record the Trust or a declaration of trust in the public record. It is Dye's position that her beneficial interest in the Property cannot be avoided by the Trustee using his strong-arm powers because her continuous possession of the Property has put the Trustee on constructive notice of her interest.

## CONCLUSIONS OF LAW

### 1. The Debtor holds fee simple title to the Property.

The Trustee contends that the Debtor holds fee simple title to the Property, as Dye's grantee, because Dye failed to identify either the Trust's beneficiaries or its purpose in the deed and because she also failed to record a declaration of trust in the public records. The Trustee's claim is predicated upon Fla. Stat. § 689.07(i), which provides:

> Every deed or conveyance of real estate heretofore or hereafter made or executed, in which the words "trustee" or "as trustee" are added to the name of the grantee, and in which no beneficiaries are named nor the nature and purposes of the trust, if any, are set forth, shall grant and is hereby declared to have granted a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey and grant and encumber both the legal and beneficial interest in real estate conveyed, unless a contrary intention shall appear in the deed or conveyance; provided, that there shall not appear of record among the public records of the county in which the real property is situate at the time of recording of such deed or conveyance, a declaration of trust by the grantee so described declaring the purposes of such trust, if any, declaring that the real estate is held other than for the benefit of the grantee.

Fla. Stat. § 689.07(1) (1996).

■ Florida statute § 689.07 was enacted to protect persons who rely upon the public land records to obtain title to real property when a beneficiary's interest is not disclosed in the grantor/grantee index by either the deed transferring title or a recorded declaration of trust. The statute is intended to prevent so-called "secret trusts" by conveying both beneficial and legal title to the grantee. *Arundel Debenture Corp. v. Le Blond,* 139 Fla. 668, 190 So. 765 (1939); *Meadows v. Citicorp Leasing, Inc.,* 511 So.2d 622 (Fla. 5th DCA 1987); *Craig v. Seymour (In re Crabtree),* 871 F.2d 36 (6th Cir.1989); *In re Ocean Beach Properties,* 148 B.R. 494 (Bankr.E.D.Mich.1992). The statute also allows a declaration of trust to be recorded either before or after the deed transferring title. Fla. Stat. § 689.07(4).

■ It is undisputed that the quit-claim conveying the Property to the Debtor failed to disclose either the purpose of the Trust or Dye's interest as beneficiary of the Trust. It is also undisputed that Dye failed to record a declaration of trust in the public records before the Debtor filed his voluntary petition. Consequently, the Debtor held fee simple title to the Property as of the petition date and the Trustee succeeded to the Debtor's fee simple interest.[2] *In re Crabtree,* 871 F.2d at 38; *Glusman v. Warren,* 413 So.2d 857, 858 (Fla. 4th DCA 1982).

### 2. The Trustee may avoid any interest of Dye in the Property.

■ In a Chapter 7 bankruptcy case, the bankruptcy trustee succeeds to all of the debtor's pre-petition interests in property, even those interests which may be encumbered or restricted. 11 U.S.C. § 541. Section 544 of the Bankruptcy Code provides the trustee with the power to avoid certain interests which may burden property of the estate. These strong-arm powers are determined by state law and, as utilized by a trustee under the Bankruptcy Code, are specifically "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a).

Sections 544(a)(1) & (2) of the Bankruptcy Code allow the trustee to avoid any obli-

---

2. The Court finds it unnecessary to resolve the apparent conflict between sections 541 and 544 of the Bankruptcy Code because of this Court's holding that, under Florida law, the Debtor held fee simple title to the Property on the petition date. *In re Crabtree,* 871 F.2d 36, 38 (6th Cir. 1989).

gation or transfer of the debtor avoidable by either a judicial lien creditor or an unsatisfied execution creditor.[3] Under Section 544(a)(3), the trustee may avoid any unrecorded encumbrances on property that are avoidable by a bona fide purchaser. 11 U.S.C. § 544(a)(3).[4] In addition, Florida real property law provides that "no conveyance, or mortgage of real property, or of any interest therein ... shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law ...". Fla. Stat. ch. 695.01 (1995). Where a land trust is concerned, Fla.Stat. ch. 689.07(4) permits a declaration of trust to be recorded either before or after the deed transferring title to the land trustee/grantee is recorded. However, if a land trustee were to convey the real property prior to the recordation of a declaration of trust, then the new grantee would take title to the "property free and clear of the claims of the beneficiaries of such declaration of trust and of anyone claiming by, through or under such beneficiaries ...". Fla. Stat. ch. 689.07(4).

■ In the instant case, the Trustee maintains that he may avoid any interest of Dye in the Property pursuant to each of the Trustee's strong-arm powers under 11 U.S.C. § 544(a). Dye contends that the Trustee's strong arm powers are ineffective against her rights as beneficiary of the land trust. The Court finds that the Trustee may avoid Dye's interest pursuant to sections 544(a)(1), (2), and (3) of the Bankruptcy Code.

Sections 544(a)(1) & (2) of the Bankruptcy Code grant the Trustee the rights and powers of a hypothetical creditor of the Debtor that has completed the legal process for perfection of its lien upon all property available for the satisfaction of its claim against the Debtor. Dye's beneficial interest in the Property is, at best, an unrecorded or unperfected interest and a hypothetical lien creditor would be entitled to avoid or subordinate Dye's interest. *In re Crabtree*, 871 F.2d at 38. Thus, the Trustee would be entitled to avoid Dye's unrecorded interest pursuant to 11 U.S.C §§ 544(a)(1) & (2) of the Bankruptcy Code. *In re Bob Cooper, Inc.*, 65 B.R. 609, 613 (Bankr.M.D.Fla.1986).

Dye argues, however, that even if the Trustee holds fee simple title to the Property, the Trustee's fee-simple title is subject to her pre-petition beneficial interest and her rights as beneficiary of the Trust should prevail over the Trustee's strong-arm powers as lien creditor. In support of her argument Dye relies upon a Florida common law exception to the result required by Fla. Stat. § 689.07. Under this exception, a creditor would not be entitled to reach property held by a land trustee where recording defects are present unless the creditor either relied upon the record title of the property when deciding to extend credit, extended credit on the faith that title to the property was held by the judgment debtor, or some form of fraud was present. *Beckham v. Rinker Ma-*

---

**3.** Sections 544(a)(1) & (2) of the Bankruptcy Code provide as follows:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such creditor exists;
(2) a creditor that extends credit to the debtor at the time of commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is unsatisfied at such time, whether or not such creditor exists.

**4.** Section 544(a)(3) of the Bankruptcy Code provides as follows:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

*terials Corp.,* 662 So.2d 760 (Fla. 3d DCA 1995); *Meadows v. Citicorp Leasing, Inc.,* 511 So.2d 622 (Fla. 5th DCA 1987); *In re Ocean Beach Properties,* 148 B.R. 494, 497 (Bankr.E.D.Mich.1992). The Court finds, however, that those cases which permitted trust beneficiaries to utilize the exception to defeat a creditor are not relevant where a bankruptcy trustee is concerned.

As discussed above, section 544 of the Bankruptcy Code gives the trustee the powers of an ideal judicial lien creditor or an unsatisfied execution creditor. Federal bankruptcy law expressly states that a trustee's strong-arm powers under section 544(a) are specifically "without regard to any knowledge of the trustee or of any creditor". Accordingly, the common law exception does not apply to a bankruptcy trustee since the trustee can avoid unrecorded interests even if the trustee has knowledge of the title defect. *Compare In re Ocean Beach Properties,* 148 B.R. at 497 (finding that exception applied to a creditor where creditor had full knowledge of the true nature of the transaction and the beneficiaries' identities) Thus, the Trustee may avoid Dye's unrecorded interest as a lien creditor pursuant to §§ 544(a)(1) & (2) of the Bankruptcy Code. *In re Crabtree,* 871 F.2d at 38; *In re Bob Cooper, Inc.,* 65 B.R. at 613.

Furthermore, under section 544(a)(3) of the Bankruptcy Code and Fla. Stat. § 695.01, the Trustee assumes the position of a bona fide purchaser and may void any unrecorded interest as of the petition date. First, it is undisputed that Dye failed to place proper notice of the Trust in the county's land records before the petition date. Second, a bona fide purchaser of the Property searching the public land records would not be put on notice of Dye's beneficial interest in the Property. As a result, any bona fide purchaser could have taken title to the Property free and clear of any claim by Dye. Thus, the Trustee may also avoid any interest of Dye in accordance with section 544(a)(3). *In re Crabtree,* 871 F.2d at 38; *In re Sperry,* 101 B.R. 767 (Bankr.M.D.Fla. 1989).

Despite the clear import of section 544(a)(3) of the Bankruptcy Code and Florida law, Dye attempts to defeat the Trustee's claims by asserting that her continued possession of the Property was sufficient to put the Trustee on notice of her interest. She maintains that she was simply unaware of the need to record a declaration of trust. As discussed above, the Trustee may avoid Dye's interest even if he had actual knowledge of her interest and possession of the Property. Moreover, under Florida law, Dye is estopped from disputing the record title of the Property because of her own negligence.

The Florida Supreme Court, in *Reasoner v. Fisikelli,* 114 Fla. 102, 153 So. 98 (1934), addressed a similar situation and this Court finds its reasoning is persuasive. In *Reasoner,* the grantor had retained a life estate in property by virtue of a separately executed agreement but failed to record the agreement in the public records. The Florida Supreme Court found that the grantor was negligent by failing to record the agreement. As a result, the court determined that that grantor was estopped from disputing record title of the property where the grantor had "held the title out to the world by means of the public record as being a good title." *Id.* at 99. The court opined that the grantor's

> failure to record a written agreement made contemporaneously with a deed which is recorded constitutes negligence which places within the power of the grantee in the deed to sell the land or otherwise deal with it to the prejudice of a searcher of the records who is entitled, in the absence of express actual notice to the contrary, to regard the grant's deed as importing verity of the state of the title as between the grantor and the grantee.

*Id.* The court also found that continued possession of the property by the grantor would not protect the grantor. The court stated:

> The object of the law in holding possession implied actual notice of an adverse right is to protect the possessor from the acts of others who do not derive their title from him. *It is never to protect the possessor against his own acts, whether personally or through a tenant, and especially against his own deed in favor of a secret instrument executed as part of the same transaction in which the deed was given.*

*Id.* at 99. (Emphasis added.) *Accord Roberts v. Bass,* 111 So.2d 455 (Fla. 1st DCA 1959).

In accordance with Florida law, this Court also finds that Dye, through reasonable diligence or care, could have protected herself by properly recording evidence of the Trust prior to the petition date. Fla. Stat. § 689.07(4). This Court further finds that Dye's continued possession of the Property does not impede the Trustee's ability to succeed to the Debtor's fee simple title. Furthermore, this Court recognizes, as did the Florida Supreme Court in *Reasoner,* the harshness of this result. However, as stated by the Florida Supreme Court in *Reasoner,* "Where one of two innocent persons must suffer a loss, it should fall upon him who by reasonable diligence or care could have protected himself." *Id.* at 99. Accordingly, the Trustee, possessing the rights and powers of a bona fide purchaser of real property, takes title to the Property free and clear of Dye's interest pursuant to 11 U.S.C. 544(a)(3).

### CONCLUSION

In conclusion, it is clear that under Florida law the Debtor held fee simple title to the Property on the petition date and the Trustee succeeded to the Debtor's fee simple estate. Thus, the Property is held by the Trustee free and clear of any claims of the Debtor. In addition, the Trustee may avoid any unrecorded interest of Dye pursuant to 11 U.S.C. §§ 544(a)(1), (2) and (3) of the Bankruptcy Code. Accordingly, the Trustee also holds the Property free and clear of any claims or interest of Dye.

### ORDER

In accordance with the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Trustee's, Soneet R. Kapila, Motion For Summary Judgment is Granted.

2. Defendants', Patricia Dye and Donald James Schiavone, Motion For Summary Judgment is Denied.

3. On the petition date, the Debtor, Donald James Schiavone, held fee simple title to the Property.

4. The Trustee has succeeded to the Debtor's fee simple title and the Property is held by the bankruptcy estate free and clear of any right, claim, title, or interest of the Debtor as land trustee or otherwise.

5. Any interest of Patricia Rose Dye aka Patricia R. Dye aka Patricia Rose Schiavone in the Property is avoided by Trustee pursuant to sections 544(a)(1), 544(a)(2) and 544(a)(3) of the Bankruptcy Code. As a result, the Property is held by the Debtor's bankruptcy estate free and clear of any right, claim, title, or interest of Patricia Dye.

6. The Court reserves jurisdiction to award taxable costs upon an appropriate application.

7. A separate Final Judgment will be entered in conformity with Bankruptcy Rule 9021.